**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00244-02/05-CR-W-DW |
| | ) | |
| **BRADLEY COOK**, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR
PRETRIAL DETENTION AND A HEARING PURSUANT
TO TITLE 18, UNITED STATES CODE, SECTION 3142**

COMES NOW the United States of America, by Beth Phillips, United States Attorney, and Cynthia L. Cordes, Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to hold a hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

**SUPPORTING SUGGESTIONS**

**I.  Introduction and Background**

On September 7, 2010, the federal grand jury indicted the defendant with the following four counts: Count One: Conspiracy to Commit Sex Trafficking; Count Two: Sex Trafficking by Force, Fraud, or Coercion; Count Ten: Drug User in Possession of a Firearm; and Count Eleven: Use of an Interstate Facility to Facilitate Unlawful Activity.

In 2003, the lead defendant, Edward Bagley, Sr., recruited and enticed a mentally deficient victim of foster care sexual abuse, to live with him. Through sexual acts, the internet, and sadomasochism pornography, he groomed the victim to become a "sex slave." On the victim's 18th birthday, Defendant Bagley had the victim sign a "sex slave contract" which he told the victim bound her to him as his slave. The defendant then sexually tortured and mutilated the victim for over six years. The defendant provided the victim with drugs, maintained and threatened her with numerous firearms, transported her to California to have her engage in a sadomasochism photo shoot, and tortured her on live web cam internet sessions.

During these live web cam sessions, Defendant Bagley met Defendant Cook. Defendant Cook watched Defendant Bagley torture FV over live web cam sessions. Defendant Cook downloaded pictures of Bagley torturing and sexually abusing FV as well. Defendant Cook visited the Bagley residence on numerous occasions to rape and sexually torture FV. The torture sessions included, but were not limited to, flogging, whipping, ceiling suspension, binding, gagging, and tying the victim down to a device called a wooden pony. Defendant Cook also raped FV orally, vaginally, and anally. FV begged Defendant Cook to stop the abuse and Defendant Cook not only refused, but would increase the torture to punish her for protesting.

Defendant Cook provided Defendant Bagley hard drives with sadomachism videos in exchange for his "sessions" with FV. He also taught Bagley how to bury FV alive and provided him with videos which demonstrated how to do so.

## II.     Basis for 3142(f) Detention Hearing

Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is in any one of the following categories:

    A.    The case involves a <u>crime</u> <u>of</u> <u>violence</u>, a term defined at Section 3156 to include:

        1.    An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another;

        2.    any other offense that is a felony and by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of its commission; or

        3.    any felony under chapter 109A . . . 110 [18 U.S.C. §§ 2251 through 2260], or 117 [18 U.S.C. §§ 2421 through 2427];

    B.    The case involves an offense where the maximum sentence is life imprisonment or death;

    C.    The case is a narcotics case under Title 21, United States Code, for which imprisonment for ten years or more is prescribed;

D. Any felony, even a non-violent felony not involving drugs, if the person already has two or more convictions for a crime of violence, a crime punishable by life imprisonment, or a ten year drug felony;

E. A serious risk that the defendant will flee; or

F. A serious risk that such a person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

One or more grounds for a pretrial detention hearing as set forth by the statute exists in the above cause, to wit:

1. **The Case Involves a Crime of Violence (§ 3156(A))**

A federal grand jury found probable cause to believe that the defendant committed a violation of 18 U.S.C. § 1591 (sex trafficking by force, fraud, and coercion). Thereby, this case qualifies for a pretrial detention hearing pursuant to Title 18, United States Code, Section 3156(A) because it involves a crime of violence.

2. **The Offense Involves a Maximum Life Sentence (§ 3156(B))**

A federal grand jury found probable cause to believe that the defendant committed violations of 18 U.S.C. § 1591 (commercial sex trafficking), which carries a statutory maximum of a life sentence. Thereby, this case qualifies for a pretrial detention hearing pursuant to Title 18, United States Code, Section 3156(B).

3. **The Offense Involves Risk Defendant will Threaten or Injure Witnesses (§ 3156(F))**

The offense charges involve a serious risk that the defendant will obstruct or attempt to obstruct justice, threaten, injure, or intimidate, or attempt to threaten, injure, or

4

intimidate a prospective witness or juror. The defendant, in the course of the commission of the offenses, has already threatened, injured, and intimidated the primary victim.

Furthermore, the defendant has already impeded the government's access to an additional material government witness, and possible additional victim, by instructing her not to communicate with the government. He has physically and sexually abused this additional government witness.

Thereby, this case qualifies for a pretrial detention hearing pursuant to Title 18, United States Code, Section 3156(F) because it involves a risk that the defendant will threaten or injure witnesses.

### III.   The Defendant Qualifies for Pretrial Detention

Subsection 3142(g), Title 18, United States Code, provides that the judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning–

> 1.  The <u>nature and circumstances of the offense charged</u>, including whether the offense is a <u>crime of violence</u>, <u>a violation of section 1591</u>, a Federal crime of terrorism, or involves a <u>minor victim</u> or a <u>controlled substance</u>, <u>firearm</u>, explosive, or destructive device;
>
> 2.  the <u>weight of the evidence</u> against the person;
>
> 3.  the <u>history and characteristics of the person</u> (including, the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the

person was on probation or parole, or on release pending adjudication of another criminal proceeding; and

4. the nature and seriousness of the <u>danger to any person or the community</u> that would be posed by the person's release.

One or more grounds for pretrial detention as set forth by the statute exists in the above cause, to wit:

1. **Nature and Circumstances of the Offenses Charged,** *Including Whether the Offense is A Crime of Violence, a Violation of Section 1591,* **Involves a Minor Victim,** *Controlled Substance, or Firearm*

This case involves offenses that are crimes of violence, contains a violation of Section 1591, involves a controlled substance, *and* involves a firearm.

The case involves offenses that are crimes of violence, pursuant to Title 18, United States Code, Section 3156(A). A federal grand jury found probable cause to believe that the defendant committed a violation of 18 U.S.C. § 1591 (sex trafficking by force, fraud, and coercion).

Both Count One (Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion) and Count Two (Sex Trafficking by Force, Fraud or Coercion) involve charges pursuant to 18 U.S.C. § 1591. Furthermore, the offenses involve the defendant's use of a controlled substance and firearms.

In addition to including so many of the specific enumerated factors in 3142(g)(1), the nature and circumstances of the offenses are egregious. As outlined in the overt acts detailed in Count One of the Indictment and incorporated herein by reference, the defendant, violently tortured sexually victimized FV.

6

2. **The Weight of the Evidence Against the Defendant**

The weight of the evidence against the defendant is overwhelming. After the rescue of the victim, an eighteen month grand jury investigation commenced. In addition to the victim, numerous witnesses have provided statements against the defendant detailing his illegal conduct as charged. In the course of the search warrants, the defendant's computer media, drugs, and firearms were also seized.

3. **History and Characteristics of the Defendant**

The defendant has a long history of sexually violent behavior and sadomasochistic conduct. In addition to abuse upon the victim at the charged offenses, the evidence reveals that he tortured and sexually mutilated at least two other female victims in the past. The defendant took pictures and video to memorialize this abuse, which also has been seized. The defendant also has a history of chronic drug use.

4. **Nature and Seriousness of the Danger to Any Person or the Community**

The defendant has not just sexually tortured the primary victim, but at least two other possible victims known to the government. An initial preview of his computer media shows that he has images of at least 50 different women being sexually abused and tortured. The files contain images of him sexually torturing at least two other women. The evidence in this case indicates that the defendant's sexually deviant behavior is compulsive and/or addictive, and that he cannot go long periods of time without engaging in the torture of a victim.

7

5. **Rebuttable Presumption is to Detain Defendant**

Pursuant to Title 18, United States Code, Section 3142(e)(3), certain charged offenses carry a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The violation of Title 18, United States Code, Sections 1591 qualifies as a charge which carries this rebuttable presumption. Even if the court finds that this presumption is rebutted, the fact that the charge carries the presumption is an additional factor the court can consider when weighing whether the defendant should be detained.

WHEREFORE, the Government respectfully requests that this Honorable Court set a detention hearing to demonstrate that no condition or combination of conditions will reasonably assure the safety of the community. The Government further requests that the Court thereafter detain defendant without bond.

    Respectfully submitted,

    Beth Phillips
    United States Attorney

By    */s/ Cynthia L. Cordes*

    Cynthia L. Cordes
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 E. 9th St., 5th Floor
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be hand-delivered to the defendant at the Office of the United States Marshals Service, 400 East 9th Street, Kansas City, Missouri 64106.

*/s/ Cynthia L. Cordes*

Cynthia L. Cordes
Assistant United States Attorney

CLC/lm