(Rev. 12/2002)

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Criminal Action: 10-00244-01/05-CR-W-DW

EDWARD BAGLEY, SR.,
BRADLEY COOK,
DENNIS HENRY,
MICHAEL STOKES,
JAMES NOEL,

        Defendants.

## STIPULATIONS AND ORDERS

### I. GRAND JURY PROCEEDINGS

**[X]** The government states that (1) there have been grand jury proceedings; (2) the testimony included 1 federal agent(s); and (3) the grand jury proceedings were recorded.

**[X] STIPULATION:** The government agrees to provide discovery of the testimony of any defendant(s) who testified before the grand jury.

**[X] CONSENT ORDER**: With the government's consent, grand jury transcripts of the testimony for witnesses whom the government intends to call at trial will be provided to the defense in accordance with Title 18, United States Code, Section 3500.

### II. RELEVANT CONDUCT/UPWARD DEPARTURE/ OTHER OFFENSES

*1. Prior Relevant Offense Conduct*

**[X]** The government states that there is prior relevant offense conduct in this case as to each defendant.

**[X] STIPULATION**: The government agrees to disclose all information in its possession on which it will rely to establish "relevant offense conduct" or to establish an "upward departure" **within 10 days of any anticipated or scheduled change of plea**; or if the evidence is not immediately available, disclosure will be made promptly upon receipt.

## 2. Prior Criminal Record

**[X]** The government has no knowledge of prior convictions for defendants:
**Bradley Cook**
**Dennis Henry**
**James Noel**
**Michael Stokes**

*[and/or]*

**[X]** The government has knowledge of prior convictions for defendant:
**Edward Bagley**

**[X]** **STIPULATION**: The government agrees to provide discovery **within 10 days**, of any prior criminal record of the defendant(s), which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government attorney. If such evidence is not immediately available, the government will promptly disclose the evidence upon receipt.

**[X]** **STIPULATION:** The government agrees to notify defense counsel in writing or orally whether it intends to use the conviction(s) for impeachment purposes at trial. If such evidence is not immediately available or available **within 10 days**, the government will promptly disclose the evidence upon receipt. The government's providing defense counsel with access to a certified copy of felony conviction(s) constitutes notice that the conviction(s) may be used for impeachment purposes. If such evidence is not immediately available, the government will promptly disclose the evidence upon receipt.

## 3. FRE 404(b) Evidence

**[X]** The government will use FRE 404(b) evidence as to each defendant.

**[X]** **STIPULATION**: The government agrees to provide discovery **within 10 days** of all prior acts, subsequent acts or convictions of a similar nature to be relied on by the government to show knowledge, intent, or other element set forth in Rule 404(b), Federal Rules of Evidence. If such evidence is not immediately available, the government will promptly disclose the evidence upon receipt.

## III. EVIDENCE FAVORABLE TO THE DEFENSE

### 1. Brady/Giglio Evidence

**[X]** The government states that it does not have evidence in its possession favorable to the defendant(s). However, everything in the government's file has been provided to defense counsel. No evidence has been withheld.

**[X] STIPULATION**: The government agrees to provide discovery **within 10 days** of all evidence in its possession which is favorable to a defendant. If favorable evidence comes into the government's possession in the future, the government agrees to disclose it promptly. Although most instances of favorable evidence to the defense will be immediately apparent to the government (e.g., exculpatory evidence and impeachment evidence), this stipulation recognizes that at times the government will not necessarily be aware of the nature of a particular defense. Therefore, defense counsel has a responsibility to alert the government as to the nature and type of evidence that it believes may prove to be favorable to the defense which might not otherwise be apparent to the government.

*2. Entrapment Evidence*

**[X]** The government states that it does not have evidence in its possession suggesting entrapment of any of the defendants.

**[N/A] STIPULATION**: The government agrees to provide discovery **within 10 days** of any information suggesting entrapment of defendant(s), which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government attorney. If such evidence is not immediately available, the government will promptly disclose it upon receipt.

*3. Witness Inducements*

**[X]** The government has not made promises to witness(es) in exchange for testimony.

**[N/A] STIPULATION:** The government agrees to provide discovery **at least 10 days before trial** of (a) the name(s) and address(es) of the witness(es) to whom the government has made a promise, (b) all promises or inducements made to any witness(es), (c) all agreements entered into with any witness(es), and (d) the amount of money or other remuneration given to any witness(es). If the witness is represented by counsel, the government also will provide discovery of the attorney's name, address, and telephone number. As an alternative to providing witness-address information, the government agrees to make the witness(es) available for interview if the witness(es) agree(s) to being interviewed. If such evidence is not immediately available, the government will promptly disclose it upon receipt.

**IV. EXPERT WITNESSES**

*1. Experts*

**[X]** The government states that expert witness(es) will likely be called at trial. If called the experts will be in the following areas:

3

Forensic Psychiatry & Criminal Sadism

BDSM Lifestyle & Industry

Medical Examiner

Computer Forensics Examiners

Drug Chemistry

Firearms

**[X]** **STIPULATION:** The government agrees to provide discovery of the name(s), qualifications, and subject of the testimony of such expert(s) **at least 10 days before trial**. If such evidence is not immediately available, the government will promptly disclose the evidence upon receipt.

### 2. *Government's Expert Reports*

**[X]** The government states that it does have expert witness reports.

**[X]** **STIPULATION:** The government agrees to provide discovery **within 10 days**, of any expert report or result, or copy thereof, of a scientific test, experiment, or comparison which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government attorney. If such reports or results are not currently available, the government will promptly disclose the reports or results upon receipt.

### 3. *Defense's Expert Reports*

**[X]** The defense states that it may or will have expert reports. If such reports are prepared, they will be in the following areas:

        **Bagley:**
        - BDSM lifestyle v. criminal sexual sadist
        - Forensic psychiatry

        **Cook:**
        - Forensic Psychiatry & Criminal Sadism
        - BDSM Lifestyle & Industry
        - Medical Examiner
        - Computer Forensics Examiners
        - Drug Chemistry
        - Firearms

**Henry**:
- BDSM Lifestyle Expert
- Computer Forensics Examiner

**Noel:**
- BDSM Lifestyle and Practices
- Computer Forensics
- Forensic Psychiatrist or Psychologist
- Medical Examiner

**Stokes:**
- Forensic Psychiatry and Criminal Sadism
- BDSM Lifestyle & Industry
- Medical Examiner
- Computer Forensics Examiners
- Drug Chemistry
- Mental Health
- Firearms

**[X]  STIPULATION:** The defense agrees to provide discovery **within 10 days**, of any expert report or result, or copy thereof, of a scientific test, experiment, or comparison which is within the possession, custody, or control of the defense, the existence of which is known, or by the exercise of due diligence may become known, to the defense attorney.  If such reports or results are not immediately available, the defense will promptly disclose the reports or results upon receipt.

## V.  INFORMANTS

### 1. Informants

**[X]**  The government states it did not have informants.

### 2. Witness or Participant-Informant Identity

**[N/A]**  The government did not use informant(s) who participated in the alleged criminal conduct.
*[or]*

**[N/A]**  The government did use informant(s) who participated in the alleged criminal conduct.

**[N/A]**  The government will disclose the identity of informant(s) who participated in the criminal conduct.
*[or]*

**[N/A]** The government will not disclose the identity of informant(s) who participated in the criminal conduct.

### 3. *Informant Identity and Inducements*

**[N/A]** **STIPULATION:** The government agrees to provide discovery **within 10 days** of the name(s) and address(es) of the informant(s) or, in the alternative, to make the informant(s) available for interview.

**[N/A]** **STIPULATION:** The government agrees to provide discovery **within 10 days** of (a) all promises or inducements made to informant(s), (b) all agreements entered into with the informant(s), (c) the amount of money or other remuneration given to the informant(s), (d) identification of the informant's prior testimony, and (e) the name, address and phone number for the lawyer(s) for the informant(s) if represented by counsel.

## VI.  INTERCEPTION OF COMMUNICATIONS

### 1. *In General*

**[X]**  There has not been interception of wire or oral communications, court ordered or otherwise.

### 2. *Transcripts, Bank Surveillance Films, Video Tapes, Written Material*

**[N/A]** **STIPULATION:** The government agrees to permit the defense to listen to all recorded conversations and provide a copy of the transcript of each recorded conversation prepared by the government.  Disclosure will be made **within 10 days** if the evidence is immediately available; or, in the alternative, within 10 days of receipt.

**[N/A]** **STIPULATION**: The government agrees to permit the defense to view bank surveillance film and video tapes.  Disclosure will be made **within 10 days** if the evidence is immediately available; or, in the alternative, within 10 days of receipt.

**[N/A]** **STIPULATION**:   The government agrees to permit the defense to inspect reports and other written material dealing with electronic surveillance.  Disclosure will be made **within 10 days** if the evidence is immediately available; or, in the alternative, within 10 days of receipt.

## VII.  SEARCHES AND SEIZURES

### 1. *In General*

**[X]**  There have been the following searches and seizures:

The government states that there has been:

[X]   Federal search warrant(s) for defendant(s)
           **Edward Bagley**
           **Bradley Cook**
           **Michael Stokes**

[X]   Consent search(es) for defendant(s):
           **Michael Stokes**
           **Dennis Henry**
           **James Noel**

[X]   Search(es) incident to arrest for defendant(s):
           **Edward Bagley**
           **Bradley Cook**
           **Michael Stokes**
           **Dennis Henry**
           **James Noel**

### *2. Disclosure of Search and Seizure Material*

[X] **STIPULATION:** The government agrees to disclose **within 10 days** whether there has been any search and seizure with respect to any defendant and disclose within 10 days all of the evidence seized as a result of any search(es) along with all documents dealing with the search(es) and seizure(s).

## VIII. STATEMENTS

### *1. In General*

The term "statements," as that term is used here, includes (1) any officer's or agent's summary of a defendant's statement where that summary is written in a report; (2) an officer's or agent's rough notes of any statement made by a defendant when the statement was not otherwise reduced to writing; and (3) any relevant oral statement when the statement was not otherwise reduced to writing which the government intends to use a trial, whether the government intends to introduce the oral statement or simply use it for impeachment.

[X] There have been the following statements in this case.

The government states that there has been the following statement(s):

    [X]   Non-custodial statements/admissions/confessions for defendant(s):

7

> Edward Bagley
> Bradley Cook
> Michael Stokes
> Dennis Henry
> James Noel

### *2. Written or Recorded Statements*

**[X] STIPULATION:** The government agrees to provide discovery **within 10 days**, of any written or recorded statement made by defendant(s) which is/are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government attorney.

### *3. Oral Statements*

**[X] STIPULATION:** The government agrees to provide discovery **within 10 days**, of the substance of any oral statement made by defendant(s) whether before or after arrest, to someone known by the defendant to be a government attorney, federal agent, or any other law enforcement officer.

### *4. Disclosure of Statements and Reports*

**[X] STIPULATION:** The government agrees to disclose **within 10 days**, along with all statement(s), admission(s), or confession(s) described above, any available documents, reports, and logs dealing with statement(s), admission(s), or confession(s).

**[X] STIPULATION:** The government agrees to disclose **within 10 days** the response(s) by a defendant to any <u>Miranda</u> warnings.

## IX. DEFENSES

### *1. Incompetence to Stand Trial*

**[X]** The defense states that there is not a claim of incompetence to stand trial on the part of defendants:
> **Bagley**
> **Cook**
> **Henry**
> **Noel**
> **Stokes**

8

Case 4:10-cr-00244-DW   Document 90   Filed 12/10/10   Page 8 of 12

### 2. Insanity

**[X]** The defense states that insanity will not be a defense for defendants:
> **Bagley**
> **Cook**
> **Henry**
> **Noel**
> **Stokes**

**[N/A]**     **STIPULATION:** The defense agrees that each defendant will provide written notice **within 10 days** whether he or she intends to rely on the defense of insanity or the defense of lack of or diminished mental responsibility at the time of the alleged crime(s).

**[N/A]**     **STIPULATION:** The defense agrees to provide to the government the names of all defense witnesses on the issue of incompetence to stand trial. Such production shall be made **within 10 days** or, if not currently known by the defendant(s), promptly upon receipt of such information.

**[N/A]**     **STIPULATION:** The defense agrees to disclose to the government the names of all defense witnesses on the issue of insanity or the issue of lack of or diminished mental responsibility at the time of the commission of the alleged crime(s). Such disclosure shall be made **within 10 days** or, if not currently known by the defendant(s), promptly upon receipt of such information.

**[N/A]**     **STIPULATION:** The defense agrees that **within 10 days** each defendant permit discovery of any result of reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, within the possession, custody, or control of the defendant, the existence of which are known, or by the exercise of due diligence may become known to defense counsel, and which the defense intends to introduce as evidence during its case-in-chief or which were prepared by a witness whom the defense intends to call at trial when the results or reports relate to the witness' testimony. Such disclosure shall be made within 10 days or, if not immediately available, promptly upon receipt.

**[N/A]**     **STIPULATION:** The defense states that the defendant(s) will voluntarily submit to a psychiatric examination by a court-appointed physician or psychologist on the issue of sanity or mental responsibility at the time of the commission of the alleged crime(s).

### 3. Alibi Defense

**[X]** The defense states that alibi is not a defense in this case as to defendants:

                                        **Bagley**
                                        **Henry**
                                        **Noel**

*[and/or]*

[X] The defense states that alibi may be a defense in this case as to defendants:
                                        **Cook**
                                        **Stokes**

[X] **STIPULATION:** The defense states that each defendant will provide written notice **within 10 days** whether he or she intends to rely on the defense of alibi. If any defendant intends to rely on the defense of alibi, he or she will provide written notice to the government attorney within 10 days of any place at which the defendant claims to have been at the time of the alleged crime(s) and the name and address of any witness(es) upon whom the defense intends to rely to establish the alibi defense.

## X. JURISDICTION AND VENUE

[X] **STIPULATION:** It is stipulated by the parties that, subject to a successful defense motion to dismiss the indictment or information, the Western District of Missouri has jurisdiction to try defendant(s) for the crime(s) charged.

[X] **STIPULATION:** It is stipulated by the parties that, subject to a successful defense motion to change venue, venue is in the Western District of Missouri.

## XI. PRETRIAL MOTIONS, RESPONSES

[X]     **ORDERED** that the defense file all pretrial motions within 10 days of receipt of this order and that the government file its responses to all pretrial motions within seven days thereafter. Failure by the government to file a timely response to a defense motion will be interpreted by the court as a concession of that motion.

[X]     **ORDERED** that each motion and response shall (1) be a separate pleading and be limited to a single subject, and (2) be supported by suggestions dealing with the subject matter of the motion, including citations of applicable case law, with emphasis on Eighth Circuit opinions, and an argument applying the law to the particular facts of this case. No joint motions or responses may be filed and a defendant may not join in a motion filed by another defendant. In multiple defendant cases, defendants shall serve all motions and other pretrial filings on <u>all</u> counsel of record. A motion that does not comply with these requirements may be summarily denied.

[X]     **ORDERED** that before filing any pretrial discovery motions, counsel shall (1)

10

Case 4:10-cr-00244-DW   Document 90   Filed 12/10/10   Page 10 of 12

review this order to determine the scope and extent of discovery already agreed to by the parties or ordered by the court, (2) take full advantage of the voluntary discovery offered by opposing counsel, and (3) only file discovery motions that are not covered under this order and that cannot be resolved by informal contact between counsel for the parties. No defendant shall file a discovery motion in a case in which the government is affording open-file discovery unless defense counsel certifies that he or she has made a good faith effort to obtain the material from the government and has been unable to do so.

[X] **ORDERED** that defendant(s) shall not file a reply pleading to the government's response unless the defendant has requested, by written motion, and received court authorization to do so. A request to file a reply pleading shall set forth the new facts or legal principles that the defendant seeks to bring to the court's attention and the reason or reasons why those facts or legal principles could not be included in the defendant's original pleading. The court will authorize a reply pleading only in cases in which new matters, which could not have been included in the original pleading with due diligence on the part of defense counsel, are to be brought to the court's attention.

[X] **ORDERED** that the defendant(s) be present at all hearings and conferences unless specifically excused by the court.

## XII. CONCLUSION

[X] **ORDERED** that all requests for discovery and inspection agreed to or ordered above are continuing requests and orders, and any such information and/or material coming into the knowledge or possession of any party before or during trial shall be promptly made available to opposing counsel.

**NOTE:** The parties acknowledge that the above-executed stipulations are intended to eliminate the need for pretrial discovery motions and responses. They are not intended to be used to exclude the introduction of evidence by either side at trial unless a complaining party can show bad faith on the part of the offending party, real prejudice to the complaining party, or both.

 /s/ Cynthia L. Cordes
Cynthia L. Cordes
Attorney for the United States


/s/ Edward Bagley                    /s/ Susan Dill
Edward Bagley                         Susan Dill
                                      Attorney for Defendant No. 1

11

| | |
|---|---|
| /s/ Bradley Cook<br>Bradley Cook | /s/ Carter Law<br>Carter Law<br>Lance Sandage<br>Attorney for Defendant No. 2 |
| /s/ Dennis Henry<br>Dennis Henry | /s/ Christine Blegen<br>Christine Blegen<br>Attorney for Defendant No. 3 |
| /s/ Michael Stokes<br>Michael Stokes | /s/ Kelly Connor-Wilson<br>Kelly Connor-Wilson<br>Attorney for Defendant No. 4 |
| /s/ James Noel<br>James Noel | /s/ Anita Burns & Laine Cardarella<br>Anita Burns<br>Laine Cardarella<br>Attorney for Defendant No. 5 |
| | /s/ Robert E. Larsen<br>ROBERT E. LARSEN<br>United States Magistrate Judge |
| Kansas City, Missouri<br>December 10, 2010 | |