IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 10-00244-02/05-CR-W-DW |
| | ) | |
| BRADLEY COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BRADLEY COOK'S MOTION TO DISMISS INDICTMENT**

COMES NOW defendant BRADLEY COOK, by and through counsel, and hereby respectfully moves this Honorable Court to dismiss Counts I, II, and XI of the indictment, and the allegation of forfeiture, as applied to Mr. Cook, because the government's evidence, as demonstrated by the information and material produced by the government for the reliance of Mr. Cook and his counsel in preparing for trial, is incapable of proving the elements of the charged offenses beyond a reasonable doubt. Mr. Cook requests that this Court hold an evidentiary hearing to assist in resolving this matter. The following is stated in support of this motion:

1. The government's allegations under Count I of the indictment assert that Mr. Cook, Edward Bagley, Sr., Dennis Henry, Michael Stokes, and James Noel, in violation of 18 U.S.C. § 371, conspired with each other to benefit financially, and to recruit, entice, harbor, transport, provide, and obtain the complainant[1] by means of force, fraud, and coercion, knowing that such

---

[1] Because the government has yet to prove that Bradley Cook has committed any crime, much less any crime against this young woman, he is presumed innocent. Accordingly, it is a logical impossibility for him to be both presumed innocent, and to refer to the young woman as

1

force, fraud, and coercion would cause the complainant to engage in commercial sex acts. The "manner and means by which the object of the conspiracy was to be accomplished" and the "overt acts in furtherance of the conspiracy" allege that Mr. Cook communicated with Edward Bagley, Sr. on the internet and by telephone regarding the performance of sexual acts by the complainant, Mr. Cook provided Edward Bagley, Sr. with "benefits and things of value," Mr. Bagley coerced or forced the complainant to engage in commercial sex acts, and that Mr. Cook viewed or participated in sex acts with the complainant. The indictment alleges no evidence of a *corpus delecti* and no evidence that could support a finding that Mr. Cook, Edward Bagely Sr., Dennis Henry, Michael Stokes, and James Noel joined in a single agreement with a common understanding to commit a crime. The allegations set forth in the indictment are incapable as a matter of law of proving Mr. Cook's guilt of conspiring with either Edward Bagley, Sr., or any of the other co-defendants, and Count I should be dismissed for that reason.

2. Count II, alleging a violation of 18 U.S.C. § 1591 and 1594, merely reasserts the allegations of the conspiracy charge in Count I to support the underlying objective of the conspiracy, and thus is insufficient as a matter of law for the same reasons as stated above.

3. Count XI, alleging a violation of 18 U.S.C. § 1952, merely reasserts the allegations of the conspiracy charge in Count I to allege the use of interstate commerce in the commission of the conspiracy and trafficking charges, and thus is insufficient as a matter of law for the same reasons as stated above.

4. The allegation of forfeiture, which incorporate the charges in the indictment for the

---

his "victim." She is more properly, therefore, referred to as the complainant, and Mr. Cook will so refer to her henceforth.

purpose of alleging forfeiture, is insufficient as a matter of law for the reasons stated above, and independently insufficient, as it alleges, as its basis, Mr. Cook's involvement in Count III, Forced Labor Trafficking, an offense with which the government did not charge him.

## MEMORANDUM IN SUPPORT

An indictment is insufficient if it fails to contain all of the essential elements of the offense charged, fails to fairly inform the defendant of the charges against which he must defend, and fails to allege sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *Id. see also United States v. Elbert*, 2006 U.S. Dist. LEXIS 94622 (W.D. Mo. 2006). Although it is generally sufficient for an indictment to set forth the offense using only the words of the statute itself, in this case the government chose to include specific facts to support the elements of the charged offenses. *See Hamling v. United States*, 418 U.S. 87, 117 (1974). The facts set forth by the indictment, if taken as true, are insufficient to charge Mr. Cook with a violation of 18 U.S.C. § 371, 18 U.S.C. § 1591 and 1594, or 18 U.S.C. § 1952.

### I.  Count I – Conspiracy

Count I of the indictment alleges that Mr. Cook, in violation of 18 U.S.C. § 371, conspired with others to engage in unlawful activity, specifically to violate 18 U.S.C. § 1591 and 1952. To establish a conspiracy, the government must demonstrate that 1) a conspiracy existed for an illegal purpose; 2) the defendant knew of the conspiracy; and 3) the defendant intentionally joined the conspiracy. *United States v. Becker*, 534 F.3d 952, 957 (8th Cir. 2008). There is no

3

allegation suggesting that, prior to his arrest in this case, Mr. Cook had ever met, talked to, or heard of, Dennis Henry, Michael Stokes, or James Noel. Further, there is no evidence that Dennis Henry, Michael Stokes, or James Noel were ever present during any of the activities in which Mr. Cook allegedly engaged. Therefore, any conspiracy alleged would have to have taken place between Mr. Cook and Ed Bagley, Sr. The indictment does not indicate that Mr. Cook knew about the existence of any agreement to participate in illegal activity with Mr. Bagley, or that he intentionally joined with Mr. Bagley to further that alleged illegal purpose.

Count I, Section B, of the indictment alleges that Mr. Cook and his co-defendants conspired to violate 18 U.S.C. § 1591. Section C, paragraphs 6 through 8 of the indictment allege that in support of the object of the conspiracy, Mr. Cook provided Mr. Bagley with things of value, that Mr. Bagley accepted these things of value, that Mr. Bagley forced and coerced the complainant into sex acts, and that Mr. Cook engaged in or observed these sex acts. If the allegations in the indictment are taken as true, and viewed in the light most favorable to the government, the indictment does not allege a conspiracy between Mr. Cook and Mr. Bagley, but rather describes, at best, a commercial sex transaction between a buyer and a seller. Indeed, this is confirmed by a news release issued by the Office of the United States Attorney, Western District of Missouri, which refers to Mr. Cook as a "customer" of the alleged "trafficker." *See* NEWS RELEASE, Office of the United States Attorney, Western District of Missouri, Trafficker, *Woman Tortured as Slave, Victim of Sex Trafficking and Forced Labor; Four Customers Indicted for Sex Trafficking Conspiracy* ("this indictment illustrates we are prosecuting both the supply and the demand, both the traffickers and their customers ... [t]he indictment states that Stokes, Henry, Noel, and Cook participated in this conspiracy as

4

customers") *available at* http://www.justice.gov/usao/mow/news2010/bagley.ind.htm.

There must "be some understanding 'beyond' [a sales agreement] before the evidence can support a conviction for a conspiracy." *United States v. Bewig*, 354 F.3d 731, 735 (8th Cir. 2003) (quoting *United States v. West*, 15 F.3d 119, 121 (8th Cir. 1994)). "[M]ere association with conspirators or knowledge of the illegal activity is not sufficient." *United States v. Prince*, 515 F.2d 564 (5th Cir. 1975) (citing *United States v. Falcone*, 1940, 311 U.S. 205, 210-11 (1940)). A conspiracy requires more than joint criminal conduct, but rather requires a joint criminal objective. *United States v. Dekle*, 165 F.3d 826, 829 (11th Cir. 1999). Thus, even if the government's contention that Mr. Cook is a "customer" of the alleged trafficking venture could be proved, this contention is insufficient to show that Mr. Cook had the knowledge or intent to engage in a joint criminal objective with Mr. Bagley or any of the other co-defendants. As such, Count I of the indictment is insufficient as to Mr. Cook.

## II. Count II – Sex trafficking by force, fraud, or coercion

Count II of the indictment alleges that Mr. Cook, in violation of 18 U.S.C. § 1591 and 1594, "knowingly" was involved in the recruitment, enticement, harboring, transportation, provision, or obtainment of the complainant, that he knew that force, fraud, or coercion would be used to cause the complainant to engage in commercial sex acts, and that he benefitted financially by receiving items of value from his participation in this venture. The indictment relies on the same allegations used in Count I to show Mr. Cook's involvement in a conspiracy as a "customer." Mr. Cook contends that § 1591 and 1594 are inapplicable to the customers of trafficking victims. *See* Defendant's Motion to Dismiss Count II of the Indictment as Unconstitutionally Vague as Interpreted and Applied by the Government.

Assuming, only for the sake of argument, that a customer may be charged as a trafficker, the indictment is insufficient to show that Mr. Cook gave anything of value to engage in a commercial sex act with the alleged victim that would cause him to become a "customer" of the alleged trafficking venture. A commercial sex act is defined as "any sex act on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(c)(1). The only item that the indictment alleges that Mr. Cook gave to Mr. Bagley, the supposed trafficker, is "sadomasochism and torture videos downloaded from the internet." The indictment indicates that this happened sometime between February 10, 2004 and February 27, 2009. The indictment further alleges that Mr. Cook either saw or participated in a bondage performance by the complainant and "engaged in vaginal, anal, and oral sex" with the complainant sometime within that same five year period. Even if videos downloaded from the internet are determined to have some nominal value, the indictment does not allege that any of these events were related, much less that one constituted a *quid pro quo* for the other. Under § 1591, the commercial sex act must be "on account of" the item of value given. The government has not alleged a specific date or dates on which Mr. Cook is supposed to have exchanged something of value for a sex act. As such, the government has not even sufficiently alleged that Mr. Cook was a "customer" of the so-called trafficking enterprise for purposes of indictment. Because the indictment does not allege sufficient facts to show that Mr. Cook's conduct falls within § 1591, Count II must be dismissed.

    **III.**    **Count XI – Use of an interstate facility to facilitate unlawful activity**

Count XI of the indictment alleges that Mr. Cook, in violation of 18 U.S.C. § 1952, traveled or used facilities within interstate commerce with the intent to promote, establish, further, or engage in unlawful activity. Specifically, the indictment alleges that Mr. Cook used

6

interstate commerce with the intent to violate 18 U.S.C. § 1591, 18 U.S.C. § 371, and Mo. Rev. Stat. 567.020. As stated above, the indictment is insufficient to allege that Mr. Cook has engaged in activity in violation of § 1591 or § 371. Mo. Rev. Stat. 567.020 prohibits a person from performing an act of prostitution. "[A] person commits prostitution if he engages or offers or agrees to engage in sexual conduct with another person in return for something of value." Mo. Rev. Stat. 567.010(2). The indictment does not allege that Mr. Cook at any time performed an act of prostitution. Because the indictment is insufficient to support the underlying "unlawful activity," Count XI is insufficient as to Mr. Cook.

### IV. Allegation of forfeiture

The allegation of forfeiture in the indictment incorporates the charged offenses in the indictment to allege forfeiture under various federal forfeiture statutes. As stated above, the indictment is insufficient to allege that Mr. Cook has engaged in any activity in violation of the charged offenses that would support a forfeiture order. Additionally, the allegation of forfeiture calls for Mr. Cook and Mr. Bagley to forfeit currency in an amount not less than $112,200, which constitutes the alleged "proceeds from the offenses set forth in Count Three." Count III charges Ed Bagley, Sr., alone, with forced labor trafficking in violation of 18 U.S.C. §§ 1589 and 1594. Specifically, Count III alleges that Mr. Bagley knowingly forced or coerced the complainant to strip and dance at adult entertainment clubs. Mr. Cook is not charged in Count III, nor is he alleged to have engaged in the conduct charged in that count. As such, Count III is insufficient to support forfeiture of any proceeds of the alleged forced labor trafficking as to Mr. Cook.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Mr. Cook respectfully asks this Court to dismiss the indictment against Mr. Cook as insufficient to charge the alleged violations. Mr. Cook further suggests this Court hold an evidentiary hearing to assist in its determination.

Respectfully submitted,

LAW & SCHRIENER, LLC

*/s/ Carter Collins Law*
CARTER COLLINS LAW
MO Bar No. 37890
Attorney for Defendant Cook
141 North Meramec Avenue, Suite 314
Clayton, Missouri 63105
(314) 721-7095 – telephone
(314) 863-7096 – facsimile
ccledmo@schrienerlaw.com – e-mail

The Sandage Law Firm, P.C.
MO Bar No. 46022
Local Counsel for Defendant Cook
4700 Belleview Avenue, Suite 404
Kansas City, MO 64112
816-753-0800
816-531-3939 fax
lance@sandagelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Motion to Dismiss Indictment electronically with the Clerk of the United States District Court for the Western District of Missouri to be served by operation of the Court's electronic filing system upon Assistant United States Attorney Cynthia Cordes this 16th day of March, 2011.

*/s/ Lance Sandage*
LANCE SANDAGE

8