IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00244-02-CR-W-DW |
| | ) | |
| BRADLEY COOK, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR A BILL OF PARTICULARS**

COMES NOW the United States of America, by Beth Phillips, United States Attorney, and undersigned Assistant United States Attorneys, all for the Western District of Missouri, and hereby requests that the Court deny, without a hearing, defendant's request for a Bill of Particulars. (Doc. 119) In support of this response, the Government offers the following background and suggestions in opposition.

**I. RELEVANT BACKGROUND**

**A. The Indictment**

On March 30, 2011, a federal grand jury in Kansas City, Missouri, issued an eighteen-count Superseding Indictment in this case. Defendant Cook is charged in eight of the counts, as follows:

COUNT ONE – Conspiracy, 18 U.S.C. § 371

COUNT TWO – Sex Trafficking by Force, Fraud, or Coercion, 18 U.S.C. § 1591(a)

COUNT THIRTEEN – Use of an Interstate Facility to Facilitate Unlawful Activity, 18 U.S.C. § 1952(a)

| | |
|---|---|
| COUNT FOURTEEN – | Attempted Tampering with a Victim, 18 U.S.C. § 1512 (a)(1)(A) |
| COUNTS FIFTEEN and SIXTEEN – | Use of an Interstate Facility in the Commission of Murder for Hire, 18 U.S.C. § 1958 |
| COUNT SEVENTEEN – | Attempted Witness Retaliation, 18 U.S.C. § 1513(a)(1) |
| COUNT EIGHTEEN – | Attempted Tampering with a Witness, 18 U.S.C. § 1512(b)(1) |

The elements for the charges in the superseding indictment are as follows:

### Count I: Conspiracy, 18 U.S.C. § 371

The crime conspiracy has four essential elements, which are:

*One*, that two or more persons reached an agreement or came to an understanding to commit the underlying offense;

*Two*, that the defendant voluntarily and intentionally joined in the agreement or understanding at the time it was first reached or at some later time while it was still in effect;

*Three*, that the defendant knew the purpose of the agreement or understanding; and

*Four,* that while the agreement or understanding was in effect, one of the members of the conspiracy committed an overt act, knowingly done in furtherance of some object or purpose of the conspiracy, as charged.

### Count II: 18 U.S.C. § 1591(a)

The crime of sex trafficking by force, fraud, or coercion has three elements, which are:

*One*, the defendant knowingly recruited, enticed, harbored, transported, provided, and obtained a person by any means; *or* benefitted, financially or by receiving anything of value, from participation in a venture which engaged in an act that recruited, enticed, harbored, transported, provided, or obtained a person by any means;

*Two*, the defendant knew that force, fraud, or coercion would be used to cause the person to engage in a commercial sex act; and

*Three*, the conduct was in or affected interstate commerce.

2

Count XIII: 18 U.S.C. § 1952(a)

The crime of using an interstate facility to facilitate unlawful activity has two essential elements, which are:

*One*, the defendant knowingly used a facility of interstate commerce; and

*Two*, the defendant did so to promote, manage, establish, carry on, or facilitate any unlawful activity.

Count XIV: 18 U.S.C. §2251(b)

The crime of attempted tampering with a victims has two essential elements, which are:

*One*, the defendant knowingly used intimidation, threats, corrupt persuasion or engaged in misleading conduct toward another person;

*Two*, the defendant did so in the attempt to influence, delay, or prevent the testimony of the witness in an official proceeding; [or] cause or induce a person to withhold testimony; [or] evade legal process summoning that person to appear as a witness; [or] hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.

Count XV and XVI: 18 U.S.C. § 1958

The crime of using an interstate facility in the commission of murder-for-hire has three essential elements, which are:

*One*, the defendant knowingly caused another person to use a facility of interstate commerce;

*Two*, with the intent that murder be committed in violation of federal or state law;

*Three*, the defendant intended the murder be committed as consideration for a promise or agreement to pay, anything of pecuniary value.

Count XVII: 18 U.S.C. § 1513(a)(1)

The crime of attempted witness retaliation has two essential elements, which are:

*One*, the defendant knowingly attempted to kill or cause bodily injury to FV; and

*Two*, the defendant did so with intent to retaliate against FV because she provided information relating to the commission or possible commission of a Federal offense to a law enforcement officer.

### Count XVIII: 18 U.S.C. § 1512(b)(1)

The crime of attempted tampering with a witness has two elements, which are:

*One*, the defendant knowingly used intimidation, threats, corrupt persuasion or engaged in misleading conduct toward another person; and

*Two*, the defendant did so in the attempt to influence, delay, prevent the testimony of the witness in an official proceeding; [or] cause or induce a person to withhold testimony; [or] evade legal process summoning that person to appear as a witness; [or] hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.

## II. SUMMARY OF THE GOVERNMENT'S POSITION

The grand jury's Superseding Indictment clearly puts the defendant on notice of the nature of the charges against him, protects him from being twice prosecuted for the same offense, and gives him sufficient information to prepare a defense for trial. The defendant is not entitled to evidentiary details of the government's case against him, which is what he seeks by asking for specific "dates and locations" and other details of the government's evidence. (Def. Mot., pp. 2-3). The defendant has been provided access to the government's investigative files and is thereby fully informed of the scope and weight of the government's evidence against him. The "voluntary discovery" policy in this case removes any need for a bill of particulars. For these reasons, the defendant's motion for a bill of particulars should be denied.

4

## III. SUGGESTIONS IN OPPOSITION TO THE MOTION

A Bill of Particulars is unnecessary because the Government has provided complete "voluntary discovery" discovery for defense counsel, and the superseding indictment provides the defendant full and sufficient notice of charges against him.

    A.    The Charges Satisfy Rule 7(c)(1)

Rule 7 requires a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Supreme Court defined what Rule 7(c)(1) required in *Russell v. United States*, 369 U.S. 749 (1962). An indictment is considered sufficient if it contains enough information that the defendant can understand the charges, prepare a defense, and claim double jeopardy where appropriate. Id. at 762; *see United States v. Peterson*, 867 F.2d 1110 (8th Cir. 1989); *United States v. United Imports Corp.*, 165 F. Supp. 969 (8th Cir. 2000); and *United States v. Critzer*, 951 F.2d 306 (11th Cir. 1992).

Indictments may track the statutory language, or adopt other language, as long as the indictment sets forth the essential elements of the charged offense. *Hamling v. United States*, 418 U.S. 87 (1974); *Russell,* 369 U.S. at 765. Charging the language that "tracks" the statutory language of an offense, as long as the statute includes all of the essential elements, is legally sufficient. *United States v. Johnson*, 377 F. Supp. 2d 686, 688 (8th Cir. 2005); *United States v. Devoll*, 39 F.3d 575 (5th Cir. 1994); *United States v. Zavala*, 839 F.2d 523 (9th Cir. 1988). In *United States v. White*, the court held "we will find an indictment insufficient only if an essential element 'of substance' is omitted. 241 F.3d 1015, 1021 (8th Cir. 2001); see *United States v. Luros*, 243 F. Supp. 160 (8th Cir. 1965).

5

In the case before the Court now, the superseding indictment informs defendant Cook of the nature of the charges against him and provides him the opportunity to prepare a defense for trial. Further, the charges track the statutory language and include all of the elements of each charge. None of the elements were omitted in the superseding indictment.

2. Statutory Language in Charges is Unambiguous

The statutory language of the charged counts in the indictment are not vague, ambiguous or subject to varying standards. Indeed, defendant Cook's motion only generally asserts that the "allegations in the indictment are vague, ambiguous, and uninformative." However, Cook does not point to any specific charge as being vague. Rather, the defendant simply asks the Court to order the government to give the defendant specific investigative factual details. (Def. Mot., pp. 2-3).

3. Indictment's Purpose is Not to Recite Government's Evidence

The defendant's motion improperly seeks a recitation of the Government's evidence. The superseding indictment does not have to describe the Government's evidence, plead evidentiary detail, or identify all the facts supporting the allegations. *Wong Tai v. United States*, 273 U.S. 77 (1927); *United States v. Staggs*, 881 F.2d 1527 (10th Cir. 1989); *United States v. Gordon*, 780 F.2d 1165 (5th Cir. 1986); *United States v. Ellender*, 947 F.2d 748 (5th Cir. 1991); *Carbo v. United States*, 314 F.2d 718 (9th Cir. 1963). To demand more in the language of the charges would require the Government to describe the Government's file in evidentiary detail and outline all of the facts supporting the allegations in the charge itself. Such a requirement is not required for the content of an indictment.

A bill of particulars is not a discovery tool. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars should not be granted where it is intended to provide the defendant with details of the government's case in advance of trial, *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978), *cert. denied*, 439 U.S. 819 (1978); or to compel the disclosure of a government witness list, *United States v. Little*, 562 F.2d 578, 581 (8th Cir. 1977); or to limit the evidence which may be presented at trial or evidence of which the government may be unaware at the time of the court's decision on a motion for a bill of particulars. Further, "acquisition of evidentiary detail is not the function of the bill of particulars," *United States v. Matlock*, 675 F.2d 981,986 (8th Cir. 1982), quoting *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877 (1968).

Applying these principles to the case at hand, it is clear that the defendant is fully informed of the nature of the charges against him by the descriptive language of the superseding indictment. The Count One conspiracy charge goes into great detail in alleging Cook's participation in the criminal conduct and specifies 58 overt acts committed by the defendants. The government's case against Cook will come as no surprise at trial. Going into the details of the acts of violence against FV by the defendants is not required.

> [The defendant's] basic argument is that the indictment failed to inform him of such information as the substance of the alleged threat, to whom it was communicated, and the particular conversation that was the subject of the allegations. Although the indictment contained the essential information, even much of this additional information was later provided at a pretrial conference. Vasquez also received open discovery by review of the government file. It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required.

*United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989).

WHEREFORE, because the indictment properly tracks the statutory language, includes all elements, and charges an offense date with as much specificity as possible from the evidence in this case, and the Government has made available to the defense all of the information in its possession, providing for an open file discovery since the defendant was charged, the need for a Bill of Particulars has been eliminated. Thus, the United States requests that the Court deny the defendants' motion for a Bill of Particulars.

        Respectfully submitted,

        Beth Phillips
        United States Attorney

By    */s/ Paul S. Becker*

        Paul S. Becker
        Assistant United States Attorney
        Chief, Violent Crimes Strike Force Unit

        */s/ Cynthia L. Cordes*

        Cynthia L. Cordes
        Assistant United States Attorney
        Human Trafficking Coordinator

        */s/ John Cowles*

        John Cowles
        Assistant United States Attorney

        Charles Evans Whittaker Courthouse
        400 East Ninth Street, Suite 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

CLC/lm

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of the foregoing was delivered on April 12, 2011, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

       Carter Collins Law
       Law & Schriener, LLC
       141 North Meramec Avenue, Suite 314
       St. Louis, Missouri 63105

       Lance David Sandage
       The Sandage Law Firm, PC
       117 West 20th Street, Suite 201
       Kansas City, MO 64108

*/s/ Cynthia L. Cordes*

Cynthia L. Cordes
Assistant United States Attorney

9

Case 4:10-cr-00244-BCW   Document 159   Filed 04/12/11   Page 9 of 9