IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00244-02-CR-W-DW |
| | ) | |
| BRADLEY COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT COOK'S
MOTION FOR DISCLOSURE OF BRADY/GIGLIO EVIDENCE**

COMES NOW the United States of America, by Beth Phillips, United States Attorney, and undersigned counsel, all for the Western District of Missouri, and offers the following response in opposition to the defendant's motion for disclosure of Brady/Giglio evidence. The government offers the following suggestions in opposition to the defendant's motion.

As stated in the Stipulations and Orders issued by this Court on December 10, 2010, "the government states that it does not have evidence in its possession favorable to the defendants. However, everything in the government's file has been provided to defense counsel. No evidence has been withheld." (Stipulations & Orders, Doc. 90, p. 2). The government further stipulated, "the government agrees to provide discovery within 10 days of all evidence in its possession which is favorable to a defendant." (Stipulations & Orders, Doc. 90, p. 3). The government has continued to comply with the stipulations and orders in this case. Further, the government has opened its file and provided complete discovery. Everything obtained through the course of the investigation has been available to defense counsel. When the investigation has generated new material, the government has also promptly made it available to counsel. The

defendants have received full access to everything in the government's file. As the court knows, the government's voluntary discovery production is far beyond the statutory requirements set forth in Fed. R. Crim. P. 26.2 (a) and the Jencks Act, 18 U.S.C.§ 3500. Ironically, the defendant has yet to provide the government with any type of discovery in return.

Despite the access and ability to copy all of the governments' discovery up until this point, the defendant continues to make lavish claims in public pleadings accusing the government of discovery misconduct. The government has not engaged in the conduct alleged. The defendant claims in his unsubstantiated motion that he has "reason to believe" that the government has been providing payments, rewards, and promises to obtain witnesses against Defendant Cook. The "reason to believe" language is used several times throughout the defendant's motion. (Def. Mot., p. 5, 6, 7). The government is not aware of what these reasons are or where they came from. Despite the defendant's hope that some type of exonerating evidence exists for him, it simply does not.

**Cooperating Defendants**

Defendants Dennis Henry and James Noel pled guilty and are cooperating witnesses for the government. The details of their plea agreements include the complete extent of all benefits received for their cooperation. There have been no outside promises to them. They will not receive the benefit of a U.S.S.G. § 5K1.1 motion from the government.

**Victim**

The government has not compensated the victim in any way for her testimony, directly or indirectly. Without any factual basis, the defendant claims the government has facilitated funds

2

to be given to the victim and her family to go on a cruise. (Def. Mot., p. 6). The allegation is imaginative and without any factual basis.

In Title 22, U.S.C. § 7105(f), Congress mandated that the government coordinate non-government organizations to provide assistance to victims of trafficking. As a matter of policy, the U.S. Department of Justice also requires that such assistance is coordinated for victims. The government's human trafficking task force has a non-government organization wing, the Coalition Against Human Trafficking, which facilities such assistance for cases in the Western District of Missouri. In this case, as with all human trafficking victims, non-government organizations assisted the victim, especially early in the investigation, in locating housing, food, obtaining counseling services, and applying for disability (although much of this was already coordinated by her legal aid attorney who handled her order of protection prior to the federal government's involvement). The government referred the victim to these non-government organizations and was not involved thereafter in providing the assistance. The assistance provided is done at the sole discretion of the non-government organizations. They have limited funds available in which to even assist the victims. The assistance is for the immediate needs of a victim on a transitional basis, and never includes luxury items such as cruises.

When the FBI learned that the defendant was in the process of taking steps to have the victim killed, agents removed the victim from her home and placed in temporary emergency relocation. In the past, this type of uninvited disruption to a witness's life has never been viewed as a "benefit," but because the housing and food provided to her during this emergency relocation could be arguably be construed to be a "benefit," before trial the government will obtain and

3

provide the details to defense counsel of the housing and food provided to the victim during her emergency relocation.

**Retained Government Experts**

On November 10, 2010, the government provided notice to defense counsel of all government experts, including two that would be retained by the government: Dr. Park Dietz and Dr. Mary Case. Shortly thereafter, the government also provided defense counsel CVs for the retained government experts and disclosed the topics of their testimony. The government has never hidden the fact that these are retained experts. The experts are in the process of completing their final reports for the government. When a final bill is received for the pretrial work, it certainly will be disclosed to defense counsel as required. However, the government is not yet in receipt of the final bill from these retained experts. With the exception of a computer forensic examiner, it should be noted that the government has not yet received any type of notice of experts retained by the defendant.

**Informants**

The informants interviewed by the FBI in this case have not received any type of consideration for their assistance. Inmates who cooperate with the government often receive credit towards their sentences for substantial assistance offered to the government pursuant to U.S.S.G. § 5K1.1. Rightfully so, as these inmates' testimony often results in great personal risk to themselves and their families. However, in this case, no such credit has been offered or given. The inmates provided their statements to the government without any promise of reducing their sentences, or any other benefit. Some of the inmates only provided their statements because their attorneys brought them forward, and others volunteered in the interview that they would testify

4

against Defendant Cook without any benefit to them, but simply out of "pure disgust" for Defendant Cook's illegal conduct. One of these inmates has already served his sentence and is in no need of any type of credit towards his sentence. Two others have now been sentenced and did not receive any type of credit towards their sentence via a U.S.S.G. § 5K1.1 motion or otherwise. If the government's position changes in regards to these cooperating inmates, it will, of course, disclose this information to the defense. Every inmate that provided a statement to the government was unaware that any other inmate was interviewed at that time. However, based on the defendant's disclosure of every informant's initials in public pleadings and his dissemination of government discovery inside custodial facilities, that situation may have now changed.

Defendant Cook continues to point to an inmate he refers to as "JC" in his pleadings, and has criticized the government for not interviewing him. Inmate "JC" is housed inside CCA and was contacted and "interviewed" by an investigator for Defendant Cook's defense counsel. Defense counsel for Defendant Cook arranged the meeting without the permission or knowledge of "JC's" attorney. "JC" sent a handwritten letter to U.S. District Court Judge Dean Whipple, which was passed on to counsel on April 14, 2011. Since that date, Government counsel have attempted to schedule an interview with "JC" to find out what he claims is exonerating evidence for Defendant Cook. However, "JC" has continued to refuse to meet with the FBI or the U.S. Attorney's Office. In fact, counsel for "JC" consented and arranged the interview with his client, but "JC" cancelled the meeting.

Finally, and perhaps most importantly, the subject of the defendant's motion could have been handled by a simple letter or email to the U.S. Attorney's Office. It once again has to do with an issue of discovery. The court has already ordered, and indeed has had to reiterate for

5

Defendant Cook, that "no defendants shall file a discovery motion in a case in which the government is affording open-file discovery unless defense counsel certifies that he or she has made a good faith effort to obtain the material from the government and has been unable to do so." (Stipulations & Orders, Doc. 90, p. 11). As before, no such effort has been made by defense counsel and no such certification was provided to the court. Furthermore, while the government has provided everything in its file through discovery, even if it had not, inducements for witnesses are not due to be disclosed until 10 days before trial. (Stipulations and Orders, Doc. 90, p.3). Yet, the defendant, even after receiving the benefit of early voluntary discovery from the government, filed a motion six months before trial accusing the government of withholding inducement evidence that is not even required to be disclosed until 10 days before trial. The defendant continues to file pleadings which are unsubstantiated, contain false accusations against government counsel and government witnesses, and does so without any legal basis and often in violation of court order.

WHEREFORE, for the reasons stated above, the United States respectfully requests this Court deny the defendant's motion.

                                                    Respectfully submitted,

                                                    Beth Phillips
                                                  United States Attorney

                                      By    */s/ Paul S. Becker*
                                                    _____
                                                  Paul S. Becker
                                                  Assistant United States Attorney
                                                  Chief, Violent Crimes Strike Force Unit

                                                  */s/ Cynthia L. Cordes*
                                                  _____
                                                  Cynthia L. Cordes
                                                  Assistant United States Attorney
                                                  Human Trafficking Coordinator

                                                  */s/ John Cowles*
                                                  _____
                                                  John Cowles
                                                  Assistant United States Attorney

                                                  Charles Evans Whittaker Courthouse
                                                  400 E. 9th St., Fifth Floor
                                                  Kansas City, Missouri 64106
                                                  Telephone: (816) 426-3122

CLC/lm

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on August 3, 2011 to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

      Carter Collins Law
      Law & Schriener LLC
      141 N Meramec Ave., Ste 314
      St. Louis, MO 63105-3750

      Lance David Sandage
      The Sandage Law Firm, PC
      117 West 20th Street, Suite 201
      Kansas City, MO 64108

      */s/ Cynthia L. Cordes*

      Cynthia L. Cordes
      Assistant United States Attorney