IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 10-00244-02-CR-W-DW |
| | ) |
| BRADLEY COOK, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S SECOND MOTION FOR A BILL OF PARTICULARS**

COMES NOW the United States of America, by Beth Phillips, United States Attorney, and undersigned Assistant United States Attorneys, all for the Western District of Missouri, and hereby requests that the Court deny the defendant's second motion for a Bill of Particulars. In support of this response, the Government offers the following background and suggestions in opposition.

**I. RELEVANT BACKGROUND**

**A.   Defendant's First Motion for Bill of Particulars**

On March 17, 2011, the defendant filed his first motion for a bill of particulars. (Doc. 119.) The motion focused on all the counts in the indictment generally. On March 30, 2011, a federal grand jury issued an eighteen-count Superseding Indictment. Defendant Cook is charged in eight of the counts. On April 12, 2011, the United States filed its response in opposition to the defendant's motion, and responded to the motion for a bill of particulars as to all counts in the Superseding Indictment. (Doc. 159.) On July 7, 2011, this Court issued an order denying the defendant's motion for a bill of particulars. (Doc. 188.) On August 2, 2011, the defendant filed

a second motion for a bill of particulars and specified that the focus of the new motion is for only Counts Fourteen - Eighteen. (Def. Mot., pp. 2-4, 6-8.) Otherwise, the second motion includes the same paragraphs and cited cases from the defendant's first motion for a bill of particulars.

**B.     The Indictment**

On March 30, 2011, a federal grand jury in Kansas City, Missouri, issued an eighteen-count Superseding Indictment in this case. Defendant Cook is charged in eight of the counts, as follows:

| | |
|---|---|
| COUNT ONE – | Conspiracy, 18 U.S.C. § 371 |
| COUNT TWO – | Sex Trafficking by Force, Fraud, or Coercion, 18 U.S.C. § 1591(a) |
| COUNT THIRTEEN – | Use of an Interstate Facility to Facilitate Unlawful Activity, 18 U.S.C. § 1952(a) |
| COUNT FOURTEEN – | Attempted Tampering with a Victim, 18 U.S.C. § 1512 (a)(1)(A) |
| COUNTS FIFTEEN and SIXTEEN – | Use of an Interstate Facility in the Commission of Murder for Hire, 18 U.S.C. § 1958 |
| COUNT SEVENTEEN – | Attempted Witness Retaliation, 18 U.S.C. § 1513(a)(1) |
| COUNT EIGHTEEN – | Attempted Tampering with a Witness, 18 U.S.C. § 1512(b)(1) |

The elements for the charges in the Superseding Indictment are as follows:

Count I:  Conspiracy, 18 U.S.C. § 371

The crime conspiracy has four essential elements, which are:

*One*, that two or more persons reached an agreement or came to an understanding to commit the underlying offense;

*Two*, that the defendant voluntarily and intentionally joined in the agreement or understanding at the time it was first reached or at some later time while it was still in effect;

*Three*, that the defendant knew the purpose of the agreement or understanding; and

*Four,* that while the agreement or understanding was in effect, one of the members of the conspiracy committed an overt act, knowingly done in furtherance of some object or purpose of the conspiracy, as charged.

## Count II: 18 U.S.C. § 1591(a)

The crime of sex trafficking by force, fraud, or coercion has three elements, which are:

*One*, the defendant knowingly recruited, enticed, harbored, transported, provided, and obtained a person by any means; *or* benefitted, financially or by receiving anything of value, from participation in a venture which engaged in an act that recruited, enticed, harbored, transported, provided, or obtained a person by any means;

*Two*, the defendant knew that force, fraud, or coercion would be used to cause the person to engage in a commercial sex act; and

*Three*, the conduct was in or affected interstate commerce.

## Count XIII: 18 U.S.C. § 1952(a)

The crime of using an interstate facility to facilitate unlawful activity has two essential elements, which are:

*One*, the defendant knowingly used a facility of interstate commerce; and

*Two*, the defendant did so to promote, manage, establish, carry on, or facilitate any unlawful activity.

## Count XIV: 18 U.S.C. §2251(b)

The crime of attempted tampering with a victims has two essential elements, which are:

*One*, the defendant knowingly used intimidation, threats, corrupt persuasion or engaged in misleading conduct toward another person;

3

*Two*, the defendant did so in the attempt to influence, delay, or prevent the testimony of the witness in an official proceeding; [or] cause or induce a person to withhold testimony; [or] evade legal process summoning that person to appear as a witness; [or] hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.

Count XV and XVI:  18 U.S.C. § 1958

The crime of using an interstate facility in the commission of murder-for-hire has three essential elements, which are:

*One*, the defendant knowingly caused another person to use a facility of interstate commerce;

*Two*, with the intent that murder be committed in violation of federal or state law;

*Three*, the defendant intended the murder be committed as consideration for a promise or agreement to pay, anything of pecuniary value.

Count XVII: 18 U.S.C. § 1513(a)(1)

The crime of attempted witness retaliation has two essential elements, which are:

*One*, the defendant knowingly attempted to kill or cause bodily injury to FV; and

*Two*, the defendant did so with intent to retaliate against FV because she provided information relating to the commission or possible commission of a Federal offense to a law enforcement officer.

Count XVIII: 18 U.S.C. § 1512(b)(1)

The crime of attempted tampering with a witness has two elements, which are:

*One*, the defendant knowingly used intimidation, threats, corrupt persuasion or engaged in misleading conduct toward another person; and

*Two*, the defendant did so in the attempt to influence, delay, prevent the testimony of the witness in an official proceeding; [or] cause or induce a person to withhold testimony; [or] evade legal process summoning that person to appear as a witness; [or] hinder, delay, or prevent the communication to a law enforcement officer or

judge of the United States of information relating to the commission or possible commission of a Federal offense.

## II. SUMMARY OF THE GOVERNMENT'S POSITION

The grand jury's Superseding Indictment clearly puts the defendant on notice of the nature of the charges against him, protects him from being twice prosecuted for the same offense, and gives him sufficient information to prepare a defense for trial. The defendant is not entitled to evidentiary details of the government's case against him. The defendant has been provided access to the government's investigative files and is thereby fully informed of the scope and weight of the government's evidence against him. The "voluntary discovery" policy in this case removes any need for a bill of particulars. For these reasons, the defendant's motion for a bill of particulars should be denied.

## III. SUGGESTIONS IN OPPOSITION TO THE MOTION

A Bill of Particulars is unnecessary because the Government has opened its file and provided complete "voluntary discovery" for defense counsel, and the superseding indictment provides the defendant full and sufficient notice of charges against him.

1. The Charges Satisfy Rule 7(c)(1)

The primary purpose of a bill of particulars is to inform the defendant of the nature of the of the charges against him and to prevent or minimize the element of surprise at trial. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993), *cert. denied*, 513 U.S. 831 (1994); *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986), *cert. denied*, 480 U.S. 907 (1987). A motion for a bill of particulars may not be used to require the government to disclose evidentiary detail which the government intends to present at trial or its legal theories of the case. *United*

5

*States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982); *Spinelli v. United States*, 382 F.2d 871 (8th Cir. 1967), *rev'd on other grounds*, 393 U.S. 410 (1969); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.), *cert. denied*, 449 U.S. 1015 (1980); *United States v. Barket*, 380 F. Supp. 1018, 1020 (W.D. Mo. 1974).

Rule 7 requires a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Supreme Court defined what Rule 7(c)(1) required in *Russell v. United States*, 369 U.S. 749 (1962). An indictment is considered sufficient if it contains enough information that the defendant can understand the charges, prepare a defense, and claim double jeopardy where appropriate. *Id.* at 762; *see United States v. Peterson*, 867 F.2d 1110 (8th Cir. 1989); *United States v. United Imports Corp.*, 165 F. Supp. 969 (8th Cir. 2000); and *United States v. Critzer*, 951 F.2d 306 (11th Cir. 1992).

Indictments may track the statutory language, or adopt other language, as long as the indictment sets forth the essential elements of the charged offense. *Hamling v. United States*, 418 U.S. 87 (1974); *Russell,* 369 U.S. at 765. Charging the language that "tracks" the statutory language of an offense, as long as the statute includes all of the essential elements, is legally sufficient. *United States v. Johnson*, 377 F. Supp. 2d 686, 688 (8th Cir. 2005); *United States v. Devoll*, 39 F.3d 575 (5th Cir. 1994); *United States v. Zavala*, 839 F.2d 523 (9th Cir. 1988). In *United States v. White*, the court held "we will find an indictment insuffient only if an essential element 'of substance' is omitted. 241 F.3d 1015, 1021 (8th Cir. 2001); <u>see</u> *United States v. Luros*, 243 F. Supp. 160 (8th Cir. 1965).

6

In the case before the Court now, the superseding indictment informs defendant Cook of the nature of the charges against him and provides him the opportunity to prepare a defense for trial. Further, the charges track the statutory language and includes all of the elements of each charge. None of the elements were omitted in the superseding indictment.

2. Indictment's Purpose is Not to Recite Government's Evidence

The defendant's motion improperly seeks a recitation of the Government's evidence. The superseding indictment does not have to describe the Government's evidence, plead evidentiary detail, or identify all the facts supporting the allegations. *Wong Tai v. United States*, 273 U.S. 77 (1927); *United States v. Staggs*, 881 F.2d 1527 (10th Cir. 1989); *United States v. Gordon*, 780 F.2d 1165 (5th Cir. 1986); *United States v. Ellender*, 947 F.2d 748 (5th Cir. 1991); *Carbo v. United States*, 314 F.2d 718 (9th Cir. 1963). To demand more in the language of the charges would require the Government to describe the Government's file in evidentiary detail and outline all of the facts supporting the allegations in the charge itself. Such a requirement is not required for the content of an indictment.

A bill of particulars is not a discovery tool. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars should not be granted where it is intended to provide the defendant with details of the government's case in advance of trial, *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978), *cert. denied*, 439 U.S. 819 (1978); or to compel the disclosure of a government witness list, *United States v. Little*, 562 F.2d 578, 581 (8th Cir. 1977); or to limit the evidence which may be presented at trial or evidence of which the government may be unaware at the time of the court's decision on a motion for a bill of particulars. Further, "acquisition of evidentiary detail is not the function of the bill of particulars," *United States v. Matlock*, 675 F.2d

7

981, 986 (8th Cir. 1982), quoting *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877 (1968).

      3.    <u>Open-File / Voluntary Discovery Obviates the Need for Bill of Particulars</u>

Except in extraordinary situations, open-file discovery by the government obviates the need for a bill of particulars. *United States v. Valentine*, 984 F.2d 906, 908 (8th Cir.), *cert. denied*, 510 U.S. 828 (1993); *United States v. Sepulveda*, 15 F.3d 1161, 1192-93 (1st Cir. 1993); *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989). In this case, since the commencement of the prosecution, the government has opened its file and provided full voluntary discovery. This discovery includes all FBI 302 which detail the witnesses who will testify against the defendant. Upon a review of the FBI 302s, there is no confusion which witnesses will testify against the defendant for the counts that are the subject of his second motion for a bill of particulars. In fact, the defendant has made these exact witnesses the subject of several motions filed, including identifying them himself. (Doc. 189, 207.) Thus, the defendant does not suffer from any confusion as to who the government's witnesses will be against him for these charges. Further, the indictment alleged specific dates for the defendant's attempt to use an interstate facility. Contrary to the defendant's representation to this court, all of the custody calls provided in discovery are organized by date. Further, a date log was provided in discovery to assist counsel identifying the dates of specific calls. Finally, the discovery also includes a grand jury transcript and exhibits admitted in front of the grand jury. The transcript and exhibits summarize the government's case for these specific charges and highlight some of the individual pieces of the evidence the government will use to prove them. This includes specific statements from witnesses, audio recordings, and custody telephone calls. The

government has gone above and beyond its duty to not only provide early and prompt voluntary discovery, but to spell out the government's case for the defendants, something which it is not even required to do by law.

Furthermore, the defendant has not complied with the Stipulations and Orders filed on December 10, 2010. The Stipulations and Orders includes the following: "No defendant shall file a discovery motion in a case in which the government is affording open-file discovery unless defense counsel certifies that he or she has made a good faith effort to obtain the material from the government and has been unable to do so." (Doc. 90.) As with the defendant's first motion for a bill of particulars, the defendant has made no such certification. Instead, he states in his second motion the same thing that he stated in his first motion for a bill of particulars. "Mr. Cook asserts that the 'open file' discovery agreed upon by the government in the Stipulations and Orders is insufficient to fill in information missing from the indictment." (Def. Mot., p. 8.) He once again cites to *United States v. Elbert*, 2006 U.S. Dist. LEXIS 94622 *9-10 (W.D. Mo. 2006) in support of this statement. However, as this Court already noted in its first order denying the defendant's motion for bill of particulars, "that citation is to an unpublished Report and Recommendation which states the opposite of defendant's argument: 'In this case, the indictment and the 'open file' discovery provided to Elbert sufficiently inform him of the nature of the charge against him so as to allow him to prepare for trial, and will enable him to plead to his acquittal or conviction in bar of potential subsequent prosecution for the same offense.'" (Doc. 183, p. 5.) Yet, the defendant once again provides this case to the court as the support for his argument.

9

Case 4:10-cr-00244-BCW   Document 211   Filed 08/04/11   Page 9 of 11

WHEREFORE, because the indictment properly tracks the statutory language, includes all elements, and charges an offense date with as much specificity as possible from the evidence in this case, and the Government has made available to the defense all of the information in its possession, providing for an open file discovery since the defendant was charged, the need for a Bill of Particulars has been eliminated. Thus, the United States requests that the Court deny the defendants' motion for a Bill of Particulars.

Respectfully submitted,

Beth Phillips
United States Attorney

By /s/Paul S. Becker

Paul S. Becker
Assistant United States Attorney
Chief, Violent Crimes Strike Force Unit

/s/Cynthia L. Cordes

Cynthia L. Cordes, #6283752
Assistant United States Attorney
Human Trafficking Coordinator

/s/John E. Cowles

John E. Cowles, #11797
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing was delivered on August 4, 2011, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

    Carter Collins Law
    Law & Schriener, LLC
    141 North Meramec Avenue, Suite 314
    St. Louis, Missouri 63105

    Lance David Sandage
    The Sandage Law Firm, PC
    117 West 20th Street, Suite 201
    Kansas City, Missouri 64108

          /s/Cynthia L. Cordes
          Cynthia L. Cordes
          Assistant United States Attorney