IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 10-00244-02-CR-W-DW |
| BRADLEY COOK, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the court is defendant's motion to dismiss Counts 1, 2 and 13[1] of the indictment on the ground that the government is incapable of proving the elements of the charged offenses beyond a reasonable doubt. Because a defendant may not challenge the sufficiency of the evidence in a motion to dismiss, I will interpret defendant's motion as a motion to dismiss for failure to state an offense. I find that each count of the indictment challenged by defendant contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and each count of the indictment contains sufficient information to allow defendant to plead double jeopardy. Therefore, defendant's motion to dismiss should be denied.

---

[1] Defendant actually challenged Count 11 in his motion; however, that count is numbered Count 13 in the superseding indictment.

## I. BACKGROUND

On March 30, 2011, a superseding indictment was returned charging defendant with conspiracy to commit sex trafficking by force, fraud, or coercion and to use an interstate facility to promote an unlawful activity, in violation of 18 U.S.C. § 371; sex trafficking by force, fraud or coercion, in violation of 18 U.S.C. §§ 1591 and 1594; and using an interstate facility to facilitate an unlawful activity, in violation of 18 U.S.C. § 1952(a).

## II. MOTION TO DISMISS

Defendant argues as follows:

The allegations set forth in the indictment are incapable as a matter of law of proving Mr. Cook's guilt of conspiring with either Edward Bagley, Sr., or any of the other co-defendants, and Count I should be dismissed for that reason.

Count II, alleging a violation of 18 U.S.C. § 1951 and 1954, merely reasserts the allegations of the conspiracy charge in Count I to support the underlying objective of the conspiracy, and thus is insufficient as a matter of law for the same reasons as stated above.

Count [XIII], alleging a violation of 18 U.S.C. § 1952, merely reasserts the allegations of the conspiracy charge in Count I to allege the use of interstate commerce in the commission of the conspiracy and trafficking charges, and thus is insufficient as a matter of law for the same reasons as stated above.

(document number 118). "The facts set forth by the indictment, if taken as true, are insufficient to charge Mr. Cook with a violation of 18 U.S.C. § 371, 18 U.S.C. § 1591 and 1594, or 18 U.S.C. § 1952."

2

The government argues that defendant's sufficiency-of-the-evidence argument is premature and not properly raised in a pretrial motion (document number 157). The government then recites a litany of evidence it intends to present against defendant Cook.

*Sufficiency of the Evidence*

A challenge to the indictment based on sufficiency of the evidence should be filed at the close of the government's case in chief or at the close of the evidence presented at trial. F.R.Cr.P. 29(a).

Sufficiency of the evidence issues cannot be taken up prior to trial. United States v. Ferro, 252 F.3d 964, 967-968 (8th Cir. 2001), citing United States v. Gaudin, 515 U.S. 506, 523 (1995). "The courts have recognized . . . that an indictment is not subject to a motion to dismiss based on allegations of the insufficiency of the government's evidence." United States v. Jones, 556 F. Supp. 2d 985, 991 (E.D. Mo), citing United States v. Ferro, 252 F.3d at 968. "The case law clearly provides that an indictment that is valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to a grand jury." Id., citing Costello v. United States, 350 U.S. 359, 363 (1956). So long as the indictment contains a facially sufficient allegation, federal criminal procedure does not provide for a pretrial determination of sufficiency of the

3

evidence. Id. at 968, citing United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992). Instead a pretrial motion must be based on some defect appearing on the face of the challenged indictment. United States v. Mann, 517 F.2d 259, 266-67 (5th Cir. 1975) (stating that an indictment is to be tested not by the truth of its allegations, but by its sufficiency to charge an offense, because the allegations in the indictment must be taken as true).

Because a defendant may not challenge the sufficiency of the evidence in a motion to dismiss, I will interpret defendant's motion as a motion to dismiss for failure to state an offense.

*Sufficiency of the Indictment*

It is well established that an indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Just, 74 F.3d 902, 903 (8th Cir. 1996). The sufficiency of the indictment is to be judged by practical, and not by technical considerations. Rood v. United States, 340 F.2d 506, 509 (8th Cir.), cert. denied, 381 U.S. 906 (1965). An indictment ordinarily is held sufficient unless it is so defective that by no reasonable construction can it be said to

4

charge the offense for which the defendant was convicted. <u>United States v. Nabors</u>, 45 F.3d 238, 239 (8th Cir. 1995).

An indictment is sufficient when it tracks the language of the statute, advises the defendant of the elements of the offense, apprises him of the charges, and allows him to plead a conviction or acquittal as an impediment to subsequent prosecutions. <u>United States v. Nabors</u>, 45 F.3d at 239. It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. <u>Hamling v. United States</u>, 418 U.S. at 117; <u>United States v. Nabors</u>, 45 F.3d at 239. However, the indictment does not have to follow the exact wording of the statute. <u>United States v. Haley</u>, 581 F.2d 723, 726 (8th Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 1005 (1978).

Rule 7(c), Federal Rules of Criminal Procedure, requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Although the language of the statute may be used in the general description of an offense, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general

5

description, with which he is charged.  Russell v. United States, 369 U.S. 749, 765 (1962).

Any discussion of the purpose served by a grand jury indictment in the administration of federal criminal law must begin with the Fifth and Sixth Amendments to the Constitution.  Russell v. United States, 369 U.S. at 760.  The Fifth Amendment's guarantee of the right to indictment by a grand jury and its double jeopardy bar along with the Sixth Amendment's guarantee that a defendant be informed of the charges against him establish two minimum requirements for an indictment.  The indictment must adequately apprise a defendant of the charge against him so that he can prepare his defense, and it must establish a record that shows when the defense of double jeopardy may be available to the defendant in the event future proceedings are brought against him.  Russell v. United States, 369 U.S. at 763-64.  In this case, the indictment meets these minimal constitutional standards.

### A. SIXTH AMENDMENT

Ordinarily, it is proper for an indictment to be drawn in the language of the statute, but following the generic wording of a statute is not necessarily sufficient.

> Where guilt depends so crucially upon . . . a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.  "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law

6

>  or by statute, 'includes generic terms, it is not
>  sufficient that the indictment shall charge the offence
>  in the same generic terms as in the definition; but it
>  must state the species, it must descend to
>  particulars.'"

<u>United States v. Cruikshank</u>, 92 U.S. 542, 558 (1875). An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute." <u>United States v. Simmons</u>, 96 U.S. 360, 362 (1877). "[T]hese basic principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure." <u>Russell v. United States</u>, 369 U.S. at 765.

In <u>United States v. Hinkle</u>, 637 F.2d 1154 (7th Cir. 1981), the defendant was charged in an indictment which read as follows:

>  On or about the 30th day of August, 1979, in St. Clair
>  County, in the Southern District of Illinois, KAREN L.
>  HINKLE, defendant herein, did knowingly and
>  intentionally use a communication facility, that is, a
>  telephone, to facilitate acts constituting a felony
>  under Title 21, United States Code, Section 841(a)(1);
>  all in violation of Title 21, United States Code,
>  Section 843(b).

Hinkle was charged with six such counts, the only difference being the dates.

In reversing the conviction, the Court of Appeals found that the counts of the indictment charging a violation of § 843 "did not specify which of the over one hundred and forty-two controlled substances specified in 21 U.S.C. § 812 appellant may

7

have discussed over the telephone on any given day, nor did they specify which type of acts, constituting a felony, were facilitated." The court rejected the government's argument that the indictment was sufficient since it tracked the language of the statute.

> Here, appellant only knows that she is charged with using the telephone on certain days to facilitate in some manner the doing of one of six types of acts, any of which might involve any one of the one hundred and forty-two controlled substances. The indictment tells her nothing about the gravamen of the alleged offense: what she attempted to facilitate with which controlled substance. <u>It is especially important that what she attempted to facilitate be spelled out because "facilitating" as used in 21 U.S.C. § 843(b) is intrinsically . . . vague. . . . .</u>

United States v. Hinkle, 637 F.2d at 1158 (emphasis added).

The court held that an indictment charging a violation of § 843(b) must contain some sort of statement of what is being facilitated with that controlled substance which constitutes a felony. "Without this crucial, minimal information, a defendant is deprived of her Sixth Amendment right to be apprised of the charges against her, and her Fifth Amendment right to establish a record to defend against the possibility of double jeopardy." United States v. Hinkle, 637 F.2d at 1158.

In United States v. Thomas, 444 F.2d 919 (D.C. Cir. 1971), the defendant was charged with burglary, and the indictment was drawn in the language of the statute which prohibited entry of a dwelling with intent to commit a criminal offense. The

8

indictment did not state what criminal offense the defendant intended to commit. That court stated:

> The prohibition contained in the District's burglary statute against entry of a dwelling with an "intent . . . to commit [a] criminal offense" is a proscription on entry of a dwelling with any one or more of a certain category of specific intents and not merely a proscription against entry with a generally evil or criminal intent. The statute contains only the genus of proscribed intent. . . . As so drawn, [the indictment] describes the offense only in impermissibly broad and categorical terms. In order to achieve the requisite degree of precision, we hold, in accordance with the great weight of authority, that the indictment must state the particular offense the accused intended to commit upon entry into the dwelling.

United States v. Thomas, 444 F.2d at 921 (citations omitted).

In United States v. Russell, 369 U.S. 749 (1962), the defendants were convicted of refusing to answer questions when summoned before a congressional subcommittee. The indictment failed to identify the subject under congressional subcommittee inquiry at the time the witness was interrogated. It merely alleged that the questions to which answers were refused "were pertinent to the question then under inquiry" by the subcommittee. Id. at 752. The Supreme Court rejected an argument that the indictment was sufficient since it tracked the language of the statute, stating:

> [T]he very core of criminality under 2 U.S.C. § 192 is pertinency to the subject under inquiry of the questions which the defendant refused to answer. . . . Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.

9

Id. at 764. The Court also pointed out that "'the substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules.'" Id. at 763 (quoting Smith v. United States, 360 U.S. 1, 9 (1959)).

In stark contrast to the above discussed cases, the indictment in this case leaves nothing to the imagination. Each count follows the wording of the statute allegedly violated. Each count fully, expressly, and without ambiguity sets forth the elements necessary to constitute the offense charged.

*18 U.S.C. § 371*

Title 18, United States Code, Section 371, states as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

In order to prove a violation of 18 U.S.C. § 371, the government must prove each of the following elements:

1. That two or more persons reached an agreement to (a) participate in sex trafficking by force, fraud or coercion and (b) to use an interstate facility to facilitate an unlawful activity.

10

2. That defendant voluntarily and intentionally joined in the agreement.

3. At the time defendant joined the agreement he knew the purpose of the agreement.

4. While the agreement was in effect, a person who had joined in the agreement knowingly did one or more overt acts for the purpose of carrying out the agreement.

See Eighth Circuit Model Criminal Jury Instruction 5.06A.

Count one of the indictment tracks the language of the statute. There is nothing in the statute that is vague, and the indictment contains pages of facts indicating each defendant's role in the conspiracy, how the conspiracy was committed and by whom. Unlike the cases discussed above, there is no question left after reading the indictment, and indeed defendant has pointed to none. Instead defendant argues that he "[n]ever met, talked to, or heard of, Dennis Henry, Michael Stokes, or James Noel" and that the indictment therefore describes nothing more than a sex transaction between defendant and Bagley. Defendant's argument is without merit. First, there is no requirement that a defendant know or have contact with all other members of the conspiracy to be held accountable as a conspirator. United States v. McCarthy, 97 F.3d 1562, 1572 (8th Cir. 1996); United States v. Bascope-Zurita, 68 F.3d 1057, 1569 (8th Cir. 1995), cert. denied, 516 U.S. 1062 (1996). And second, defendant cites

11

a news release describing the charged transaction as a sex transaction because it refers to defendant as a "customer". Defendant cites no authority for his position that a news release can have any control over whether an indictment is sufficient and, not surprisingly, I have found none.

*18 U.S.C. §§ 1591, 1594*

Title 18, United States Code, Section 1591(a) states as follows:

> (a) Whoever knowingly--
>
>> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>>
>> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

Title 18, United States Code, Section 1594 states as follows:

> (a) Whoever attempts to violate section . . . 1591 shall be punishable in the same manner as a completed violation of that section.
>
> * * * * *
>
> (c) Whoever conspires with another to violate section 1591 shall be fined under this title, imprisoned for any term of years or for life, or both.

12

(d) The court, in imposing sentence on any person convicted
of a violation of this chapter, shall order, in addition to
any other sentence imposed and irrespective of any provision
of State law, that such person shall forfeit to the United
States--

> (1) such person's interest in any property, real or
> personal, that was used or intended to be used to
> commit or to facilitate the commission of such
> violation; and
>
> (2) any property, real or personal, constituting or
> derived from, any proceeds that such person obtained,
> directly or indirectly, as a result of such violation.

(e)(1) The following shall be subject to forfeiture to the
United States and no property right shall exist in them:

> (A) Any property, real or personal, used or intended to
> be used to commit or to facilitate the commission of
> any violation of this chapter.
>
> (B) Any property, real or personal, which constitutes
> or is derived from proceeds traceable to any violation
> of this chapter.

In order to prove a violation of 18 U.S.C. § 1591(a), the government must prove each of the following essential elements: Defendant (1) knowingly (2) benefitted financially from (3) participation in a venture which engaged in or affected interstate commerce (4) and which recruited, enticed, harbored, transported, provided, or obtained, by any means, a person (5) knowing that fraud, force or coercion would be used to cause the person (6) to engage in a commercial sex act. United States v. Jones, 2007 WL 2301420 (N.D. Ga. July 18, 2007).

Count two of the indictment reads as follows:

> Between on or about February 10, 2004, continuing
> through on or about February 27, 2009, in the Western

13

District of Missouri and elsewhere, EDWARD BAGLEY, BRADLEY
COOK, MICHAEL STOKES, and MARILYN BAGLEY, defendants herein,
aiding and abetting one another and others, knowingly, in
and affecting interstate and foreign commerce, recruited,
enticed, harbored, transported, provided, and obtained by
any means, a person, namely FV, and benefitted financially
and by receiving something of value from participation in a
venture engaged in recruiting, enticing, harboring,
transporting, providing, and obtaining FV, knowing that
force, fraud, and coercion would be used to cause FV to
engage in a commercial sex act; and attempted to do so.
    All in violation of Title 18, United States Code,
Sections 1591(a), 1594, and 2.

Count two tracks the language of both 18 U.S.C. § 1591(a) and 1594 (attempt). It includes every essential element of the offenses.

Defendant challenges this count on the ground that "§ 1591(a) and 1594 are in applicable to the customers of trafficking victims" and that even if a customer may be charged as a trafficker, "the indictment is insufficient to show that Mr. Cook gave anything of value to engage in a commercial sex act with the alleged victim that would cause him to become a 'customer' of the alleged trafficking venture." Defendant cites no legal authority to support this argument. The indictment alleges that defendant benefitted financially, and that is sufficient.

*18 U.S.C. § 1952(a)*

Count 13 of the indictment reads as follows:

   The Grand Jury hereby incorporates by reference, and
alleges herein, the factual allegations in paragraphs A
through D of Count One of this indictment.

14

> Between on or about February 10, 2004, continuing through on or about June 2007, in the Western District of Missouri and elsewhere, EDWARD BAGLEY, MARILYN BAGLEY, BRADLEY COOK, and MICHAEL STOKES, defendants herein, aiding and abetting one another and others, knowingly used a facility of interstate commerce with the intent to commit a crime of violence to further unlawful activity and otherwise promote, establish, carry on, and facilitate the promotion, establishment and carrying on, of unlawful activity, to wit: prostitution in violation of Mo. St. 567.020, Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 371, as alleged in Count One of this indictment, and Sex Trafficking in violation of 18 U.S.C. § 1591, as alleged in Count Two of this Indictment; and attempted to do so.
> All in violation of Title 18, United States Code, Sections 1952(a) and 2.

Defendant's argument with respect to Count 13, charging a violation of 18 U.S.C. § 1952(a), is based on the proposition that the indictment in the other counts is insufficient as to §§ 371 and 1591 and the indictment "does not allege that Mr. Cook at any time performed an act of prostitution" in violation of Mo. Rev. Stat. 567.020 and therefore this count of the indictment is insufficient to support the underlying "unlawful activity." The government does not address defendant's argument as to this count.

Defendant's argument as to §§ 371 and 1591 is without merit, as discussed above. As far as the Missouri prostitution statute, the indictment does not allege that defendant Cook offered to engage in sexual conduct in return fo something of value. It alleges that he knowingly used a facility of interstate commerce "to further unlawful activity and otherwise promote, establish, carry on, and facilitate the promotion,

15

Case 4:10-cr-00244-DW   Document 219   Filed 11/04/11   Page 15 of 19

establishment and carrying on, of unlawful activity" which included prostitution. The incorporation of paragraphs A through D of Count 1 of the indictment add further detail to this allegation. This count tracks the language of the statute and includes each essential element of the offense.

*Forfeiture*

Finally defendant argues that the forfeiture count is insufficient because it "calls for Mr. Cook and Mr. Bagley to forfeit currency in an amount not less than $112,200, which constitutes the alleged 'proceeds from the offenses set forth in Count Three.' Count III charges Ed Bagley, Sr., alone".

The section of the forfeiture count in the superseding indictment dealing with the $112,200 is directed only at codefendant Edward Bagley, Sr., not at defendant. The forfeiture count as to defendant Cook includes only computers.

Based on all of the above, I find that the indictment provides, in sufficient detail, adequate notice of the charges to which defendant must answer. Therefore, the requirements of theسixth Amendment have been met.

### B.  **FIFTH AMENDMENT**

The Fifth Amendment's guarantee of the right to indictment by a grand jury and its double jeopardy bar establish a minimum requirement for an indictment. Russell v. United States, 369 U.S. at 763-64.

16

In <u>United States v. Nance</u>, 533 F.2d 699 (D.C. Cir. 1976), the defendants were convicted of one count of executing a scheme to defraud by wire and ten counts of obtaining something of value by false pretenses with intent to defraud in violation of D.C. Code § 22-1301(a). The indictment charged the substantive counts as follows:

> On or about the dates hereinafter specified for each count, VIRGIL GINYARD and MARYLAND NANCE, JR., defendants herein, with intent to defraud, made and caused to be made the following false representations to the following customers, knowing said representations were untrue, but the customers, believing them to be true and relying thereon, on or about the dates hereinafter specified for each count, within the District of Columbia, delivered and caused to be delivered to the defendants something of value, that is, money of a value in excess of $100.

The indictment then listed, in column form, each count including the names of the victims, the dates of the misrepresentations, the amount of money received from each victim, and the dates the money was received.

The court rejected the government's argument that since the indictment tracked the language of the statute it was sufficient, stating as follows:

> [N]one of the remaining counts allege any of the factual particulars of the false representations which defrauded the victim. The name of the victim, the date of the false representation, the amount involved and the date the sum was paid are all alleged, but as for the false representations which induced the victims to part with their money, which are the very core of the offense, counts 4-11 of the indictment are content with alleging that the defendants "made and caused to be made the following representations to the following

17

>     customers, knowing said representations were untrue . .
>     ." and then fails to set forth any of the
>     representations that allegedly "were untrue." . . .
>     <u>[A]bsent any allegation whatsoever in the indictment as
>     to what the false pretenses were, the United States
>     Attorney would have a free hand to insert the vital
>     part of the indictment without reference to the grand
>     jury.  The law does not vest him with such authority.</u>

<u>United States v. Nance</u>, 533 F.2d at 700-701 (emphasis added).

In this case, there is a factual basis for each and every element of each and every offense charged. The indictment provides defendant with specific details of the alleged conspiracy and the overt acts; it provides specific details of sex trafficking offense; and it provides specific details of the count charging a use of a facility of interstate commerce. The United States Attorney has no opportunity to insert a vital part of the indictment without reference to the grand jury. Therefore, the Fifth Amendment requirement that charges be brought by a grand jury has been met.

In addition, the indictment provides sufficient detail to enable defendant to plead acquittal or conviction as a bar to future prosecution, also required by the Fifth Amendment. Each count of the indictment alleges specific facts, places, time periods, participants, and alleged actions.

### *IV.  CONCLUSION*

I find that each count of the indictment discussed above contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and

18

each count of the indictment contains sufficient information to allow defendant to plead double jeopardy.  Therefore, it is

RECOMMENDED that the court, after an independent review of the pleadings and applicable law, enter an order denying the defendant's motion to dismiss the indictment for failure to state an offense.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections unless an extension of time for good cause is obtained.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
November 4, 2011