IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 10-00244-02-C-W-DW |
| BRADLEY COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION TO DENY**
**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Before the court is defendant's motion to suppress evidence seized from his residence on December 15, 2009, on the ground that the information in the affidavit was stale and the information obtained from E.P. and J.G. was uncorroborated and lacked reliability. I find that (1) the information in the affidavit was not stale; (2) the information provided by the female acquaintances was neither unreliable nor necessary to the determination of probable cause; (3) regardless of whether the information was stale or the information from the females unreliable, the good-faith exception to the exclusionary rule applies; and (4) the decision of the issuing judge is entitled to great deference and should be upheld in this case. Therefore, defendant's motion to suppress should be denied.

*I.   BACKGROUND*

On September 8, 2010, an indictment was returned charging defendant with conspiracy to commit sex trafficking by force,

fraud, or coercion and to use an interstate facility to promote an unlawful activity, in violation of 18 U.S.C. § 371; sex trafficking by force, fraud or coercion, in violation of 18 U.S.C. §§ 1591 and 1594; possession of firearms and ammunition by a drug user, in violation of 18 U.S.C. § 922(g)(3); and using an interstate facility to facilitate an unlawful activity, in violation of 18 U.S.C. § 1952(a).  A superseding indictment was returned on March 30, 2011, charging the conspiracy, sex trafficking, and use of an interstate facility to facilitate unlawful activity; however, the superseding indictment did not include the gun count and added the following:  Tampering with a victim, in violation of 18 U.S.C. § 1512(a)(1)(A); use of an interstate facility in the commission of murder for hire, in violation of 18 U.S.C. § 1958; attempted witness retaliation, in violation of 18 U.S.C. § 1513(a)(1); and attempted tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1).

Defendant filed the instant motion to suppress (document number 123), and the government filed a response (document number 155) arguing that the information in the affidavit was not stale, and that the informants provided information that corroborated defendant's own statements.  The government also points out that aside from those two issues, the good-faith exception to the

exclusionary rule applies even if probable cause if found to be lacking.

I held a hearing on this and several other defense motions during which the government appeared by Assistant United States Attorneys Cynthia Cordes, Paul Becker, and John Cowles. The defendant was present, represented by Carter Law. I admitted under seal as Court's Exhibit 1 the affidavit and application for search warrant, search warrant, and return. Defense counsel stated that although the motion is entitled "Motion to Suppress Evidence and Statements," there is no statement and defendant only seeks to suppress evidence seized pursuant to the search warrant (Tr. at 3-4).

## II.  *STALENESS OF EVIDENCE*

Staleness is a case-specific inquiry, and probable cause cannot be judged "by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." United States v. Darr, --- F.3d ---, 2011 WL 5555616 (8th Cir. (Mo.), November 16, 2011), quoting United States v. Koelling, 992 F.2d 817, 822 (8th Cir. 1993). "There is no bright-line test for determining when information in a warrant is stale." United States v. Lemon, 590 F.3d 612, 614 (8th Cir.), cert. denied, 130 S. Ct. 3305 (2010), citing United States v. Pruneda, 518 F.3d 597, 604 (8th Cir. 2008). Rather, courts look

3

to the circumstances of the case, including the nature of the crime involved.  United States v. Lemon, 590 F.3d at 614.  "[T]he lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated."  Id. quoting United States v. Horn, 187 F.3d 781, 786 (8th Cir. 1999).

The type of evidence which is not likely to be destroyed includes firearms, United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995) (expert testimony established that possessors of illegal firearms often keep their weapons for a long period of time; three-year old information not stale) and child pornography, United States v. Lemon, 590 F.3d at 614, citing United States v. Morales-Aldahondo, 524 F.3d 115, 119 (1st Cir. 2008) (three-year lapse between purchase of child pornography and search warrant not stale).  The Eighth Circuit has recognized that increased computer storage capacity may make it easier to retain items such as child pornography for a significant period of time.  United States. v. Lemon, 590 F.3d at 615-616, citing United States v. Newsom, 402 F.3d 780, 783 (7th Cir. 2005).

The affidavit in support of the search warrant states that on September 21, 2009, Special Agent Chad John and Special Agent Samuel Benson interviewed defendant.  This was less than three months before the search of defendant's residence took place.

4

According to the affidavit, defendant stated that he had watched streaming video of Bagley and FV on his computer from his residence, he had allowed Bagley to copy several insex.com videos from defendant's portable hard drive, and he still had a DVD of FV in his residence although he had not watched it in a long time.

On October 2, 2009 -- a little more than two months before the search -- the agents spoke with defendant in front of his residence. The affidavit does not indicate what was said during this conversation.

On October 20, 2009 -- less than two months before the search -- Special Agent Samuel Benson spoke by telephone with E.P. and J.G. (both of whom are identified in the affidavit). The affidavit states that E.P. had been inside defendant's residence and was able to describe both his desktop computer and his laptop computer. The affidavit states that J.G. worked at Best Buy and sold defendant his laptop. She was able to describe where he kept his laptop and desktop computers in his residence, as was E.P. J.G. was last inside defendant's house in April or May of 2009 -- seven or eight months before the search. She believed defendant had a wireless modem and router in his residence, and she had observed various adult web sites on the computer during her visits to defendant's residence.

5

On November 11, 2009, Special Agent Benson confirmed with the St. Louis Postal Inspector that defendant continued to receive mail at the same residence.

Special Agent Benson stated in the affidavit, "I know from my training and experience, including discussions with individuals familiar with the sexually explicit behavior and activities described herein that individuals involved in human sex trafficking typically collect, store, hoard, and maintain images, videos, correspondence, communications, and sexually explicit devices as part of their involvement and participation in these activities." He also stated that,

> Based on my knowledge, training, and experience, including the experience of other agents with specialized training, I am aware that computer and digital files or remnants of such files can be recovered months or even years after they have been downloaded onto a hard drive, deleted or viewed via the Internet. . . . Even when such files have been deleted, they can be recovered months or years later using readily-available forensics tools. When a person "deletes" a file on a home computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space -- that is, in space on the hard drive that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space -- for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the Internet are automatically downloaded into a temporary Internet directory or "cache." The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet Pages. Thus,

6

> the ability to retrieve residue of an electronic file from a hard drive or digital storage device may depend less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

The affidavit in support of the search warrant therefore sets out that (1) less than three months before the search, defendant admitted he had watched streaming video of Bagley and FV on his computer from his residence, he had allowed Bagley to copy several insex.com videos from defendant's portable hard drive, and he still had a DVD of FV in his residence; (2) two acquaintances of defendant were able to identify a desktop computer and a laptop computer and where defendant used those items in his residence; (3) one of the acquaintances had been inside defendant's residence within the past five or six months and had observed material from adult web sites on defendant's computer; (4) law enforcement officers who specialize in sexually explicit behavior know, from their training and experience, that these individuals typically collect, store, hoard, and maintain images, videos, correspondence, communications, and sexually explicit devices as part of their involvement and participation in these activities; and (5) material viewed on the Internet and material that has been deleted from a computer can be recovered months or even years later. This clearly describes the kind of evidence that is not likely to be destroyed. In fact, it

7

describes evidence that can sometimes be recovered in a search even if someone has attempted to destroy it by deleting it from the computer. Under these circumstances, the lapse of time is "least important" in determining whether the information in the affidavit is stale. United States v. Lemon, 590 F.3d at 614.

Because defendant's admissions allegedly came approximately three months before the search, and because the information provided by the two individuals (one having been inside defendant's residence while the sought-after material was being played on defendant's computer) was only approximately six months old at the time it was collected and eight months old at the time of the search, and because the material sought is the type that is not likely to be destroyed, I find that the information challenged by defendant was not "stale" for purposes of determining probable cause.

### *III. VERACITY OF "INFORMANTS"*

Defendant next argues that even though the "informants" were identified in the affidavit by name and the affidavit indicated that they were familiar with defendant, the information they provided should not be relied upon because "the affidavit does not specify how Agent Benson knew the informants, or upon what he determined that their information was reliable, much less how the informants are 'familiar' with Mr. Cook." First I note that the

8

affidavit stated that one of the "informants" sold a computer to defendant, was in his home on multiple occasions, and saw material from adult web sites on his computer.

Defendant sites <u>United States v. Ketzeback</u>, 358 F.3d 987, 991 (8th Cir. 2004), to argue that, "When the affidavit is <u>based substantially</u> on information provided by an informant, evidence of the informant's reliability, veracity, and basis of knowledge is highly relevant to the probable cause determination." (emphasis added). Defendant's argument is without merit. The affidavit was not "based substantially" on information provided by the informants. Instead, the only information provided by the women that was not already provided by defendant himself was the approximate date when defendant purchased his computer, from which store he purchased it, and where his computers are located within his residence. None of that evidence is essential to the probable cause finding. In fact, if the evidence provided by these two women were omitted from the affidavit, the probable cause basis would not suffer. Defendant himself provided the bulk of the evidence necessary to establish probable cause that the evidence sought would be found in his residence. Special Agent Benson provided the rest, i.e., that even material that has been deleted from a computer or only watched via the internet can often still be recovered from computers. The fact that the

9

desktop computer is located in defendant's living room is not remotely essential to a finding of probable cause.

### IV. *LEON'S GOOD-FAITH EXCEPTION*

Even had I found that the information in the affidavit was stale or that the information provided by E.P. and J.G. should not be used in the probable cause determination due to a lack of showing of reliability, the good-faith exception to the exclusionary rule, set out in United States v. Leon, 468 U.S. 897 (1984), would apply.

The Fourth Amendment to the United States Constitution commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." The ordinary sanction for a violation of the Fourth Amendment has long been suppression of the evidentiary fruits of the illegal search. See Weeks v. United States, 232 U.S. 383 (1914); Mapp v. Ohio, 367 U.S. 643 (1961). However, this exclusionary rule is not applied in cases "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." United States v. Leon, 468 U.S. at 920. In cases of good faith, the evidence, although seized pursuant to a warrant that lacked probable cause, nonetheless is admissible at trial. United States v. Fiorito, 640 F.3d 338, 345 (8th Cir. 2011), petition for certiorari filed (Oct 25, 2011)(No. 11-7217,

10

11A309). Leon identified four circumstances in which an officer's reliance on a warrant is not in objective good faith:

(1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge;

(2) when the issuing judge wholly abandoned his or her judicial role in issuing the warrant;

(3) when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and

(4) when the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid. Id.; United States v. Perry, 531 F.3d 662, 665 (8th Cir. 2008) (quoting United States v. Proell, 485 F.3d 427, 431 (8th Cir. 2007)).

There is neither evidence nor allegation of a false statement by the affiant or abandonment of judicial role by the issuing judge. I find that the warrant is not so facially deficient so as to cause a reasonable presumption that it is not valid. Further, I find that the affidavit is not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

11

Whether a search warrant is supported by probable cause is determined by the totality of the circumstances. United States v. Kattaria, 553 F.3d 1171, 1175 (8th Cir.), cert. denied, 130 S. Ct. 771 (2009). When the affidavit supporting the search warrant sets forth facts sufficient to create a fair probability that evidence of a crime will be found in the place to be searched, probable cause exists. United States v. McIntyre, 646 F.3d 1107, 1115 (8th Cir. 2011). As discussed above, defendant admitted, approximately three months before the warrant was executed, that he had a computer in his residence; that he had watched streaming video of co-defendant Edward Bagley, Sr., "playing with" FV; that he had allowed Bagley to copy several insex.com videos from defendant's portable hard drive; and that he had a DVD of FV in his residence. The St. Louis Postal Inspector determined that as of a month before the warrant was executed, defendant continued to receive mail at that address. Special Agent Benson indicated that through his training and experience he knows that material viewed over the internet is saved in a temporary file on the user's computer and may be recovered months or even years after the material was viewed and that material on the computer that was deleted can still be recovered months or years later as it is not actually removed from the computer when the user deletes it. This material establishes a fair probability that the evidence

12

sought would be found on the computer located in defendant's residence.

Therefore, because the good-faith exception to the exclusionary rule provided for in United States v. Leon applies in this case, defendant's motion should be denied even if the information in the affidavit is determined to be stale or if the information provided by the two female acquaintances of defendant is determined to be unreliable.

## *V. CONCLUSION*

Resolution of the question of probable cause made by an issuing judge should be paid great deference by reviewing courts. Illinois v. Gates, 462 U.S. 213, 236 (1983); United States v. Kattaria, 553 F.3d 1171, 1175 (8th Cir.), cert. denied, 130 S. Ct. 771 (2009); United States v. Grant, 490 F.3d 627, 631 (8th Cir. 2007), cert. denied, 552 U.S. 1281 (2008). The duty of a reviewing court "is to ensure that the issuing judge had a 'substantial basis' for concluding that probable cause existed." United States v. Kattaria, 553 F.3d at 1175, quoting United States v. LaMorie, 100 F.3d 547, 552 (8th Cir. 1996), and Illinois v. Gates, 462 U.S. at 238-39.

Based on all of the above, I find that (1) the information in the affidavit was not stale; (2) the information provided by the female acquaintances was neither unreliable nor necessary to

the determination of probable cause; (3) regardless of whether the information was stale or the information from the females unreliable, the good-faith exception to the exclusionary rule applies, and (4) the decision of the issuing judge is entitled to great deference and should be upheld in this case.  Therefore, it is

    RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to suppress his statement.

    Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has 14 days from the date of this report and recommendation to file and serve specific objections.


                                       /s/ Robert E. Larsen
                                       ROBERT E. LARSEN
                                       United States Magistrate Judge

Kansas City, Missouri
November 28, 2011