IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00244-02-CR-W-DW |
| | ) | |
| BRADLEY COOK, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement in which the parties jointly ask the court to impose a specific sentence as an appropriate disposition of this case, to-wit: twenty (20) years imprisonment, to Count Two of the Indictment, Commercial Sex Trafficking by Force, Fraud & Coercion, 18 U.S.C. §§ 1591(a) and (b)(1), 1594, and 2.

**1.     The Parties.**  The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Beth Phillips, United States Attorney, and Cynthia L. Cordes, Paul Becker, John Cowles, Assistant United States Attorneys, and the defendant, Bradley Cook ("the defendant"), represented by Carter Collins Law and Lance Sandage.

The defendant understands and agrees that this plea agreement is only between the defendant and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count Two of the indictment charging defendant with violating 18 U.S.C. §§ 1591(a) and (b)(1), 1594, and 2, that is, Commercial Sex Trafficking by Force, Fraud & Coercion. The defendant also agrees to forfeit to the United States the property described in the Forfeiture Allegation of the indictment. By entering into this plea agreement, the defendant admits having knowingly committed this offense, and admits being guilty of this offense.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts which the government can prove constituting the offense to which the defendant is pleading guilty are as follows:

In 2006, the defendant met Defendant Edward Bagley online and communicated with him on sites, which included, but were not limited to, alt.com and Yahoo. The defendant utilized the online screen name "PutHer2GoodUse." The defendant chatted, emailed, and called Defendant Bagley from 2006 - 2009. During this same time period, the defendant watched Defendant Bagley sexually abuse and torture the Female Victim (FV) in live online sessions and as depicted in photos and videos downloaded by the defendant. At this time, the defendant was located in St. Louis, Missouri (Eastern District of Missouri) and Defendant Bagley was located in Lebanon, Missouri (Western District of Missouri). The defendant saw Defendant Bagley use floggers, whips, canes, nipple clamps, gags, and blindfolds, among other items on FV. He also saw defendant Bagley lock and whip FV in a dog cage and tie her down to a "wooden pony." The defendant saw Defendant Bagley shock FV using multiple electrical devices. During this same time period, the defendant traveled on multiple occasions from his residence in St. Louis to Defendant Bagley's residence in Lebanon. The defendant engaged in sessions of sexual acts and torture of FV inside the Bagley trailer residence in Lebanon. The defendant provided Defendant Bagley with items of value,

including, but not limited to, hard drives containing bondage domination sadism masochism (BDSM) images and videos that he purchased and downloaded from the internet in exchange for these sessions with FV.  This included, but were not limited to, videos from insex.com and hardtied.com.  The defendant was aware that Defendant Bagley coerced FV into these sexual acts and that FV was unable or did not want to consent to any of these acts.  The defendant believed that Defendant Bagley's abuse upon FV was the "most extreme he had ever seen."  The defendant witnessed Defendant Bagley yell at FV for making small mistakes.  It was clear to the defendant that FV had "no life outside of Defendant Bagley."  FV depended on Defendant Bagley for "everything."  Defendant Bagley wanted her to be a "complete sexual object."  Defendant Bagley especially loved to tie FV up and shock her with electrical devices.  Defendant Bagley was not interested in the "role-play" aspect of BDSM.  Defendant Bagley was focused on the "objectification" and "humiliation" of FV.  FV was only ever allowed to call Defendant Bagley "master" or "sir" and Defendant Bagley referred to her as "slave."  FV was "not that smart."  FV did not have a good grasp of the English language, was meek, and lacked awareness.

The defendant was aware that Defendant Bagley had other men engage in sexual acts and torture with FV.  The defendant provided Defendant Bagley with ideas and tips of how to make money off of FV by selling images of her torture on a paid website.  This included, but was not limited to, tips on website design.  The defendant and Defendant Bagley provided one another with new tips and techniques of how to torture and engage in sadistic sexual acts with females.

On December 15, 2009, the Federal Bureau of Investigation seized the media listed in the Forfeiture Allegation of the Indictment pursuant to a search warrant.  This list of media includes, but is not an extensive list of, the media that the defendant used to communicate with Defendant Bagley

and view images of FV either prior to, during, or subsequent to the above listed acts. This media represents the items to be forfeited pursuant to the plea agreement.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that in calculating the offense level for the charge[s] to which defendant is pleading guilty, the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2), or as part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2.

5. **Statutory Penalties.** The defendant understands that upon defendant's plea of guilty to Count Two of the indictment charging a violation of 18 U.S.C. §§ 1591(a) and (b)(1), 1594, and 2 (Commercial Sex Trafficking by Force, Fraud & Coercion), the minimum penalty the Court may impose is 15 years, while the maximum penalty the Court may impose is not more than life imprisonment, a $250,000 fine, a term of life of supervised release, a mandatory order of restitution and a $100 mandatory special assessment per felony count of conviction which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class A felony.

6. **Binding Plea Agreement.** The parties intend to enter a "binding plea agreement" pursuant to Rule 11(c)(1)(C), which would jointly recommend a sentence of twenty (20) years of imprisonment. The parties understand that the Court may accept (Rule 11(c)(4)) or reject (Rule 11(c)(5)) the plea agreement. If the Court should reject the plea agreement, the defendant would be

allowed to withdraw his plea of guilty (Rule 11(c)(5)(B)). However, the defendant understands and agrees that if the Court accepts the plea agreement and imposes a sentence of twenty (20) years of imprisonment, the defendant will not be permitted to withdraw his plea of guilty.

7. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

   a. In determining the appropriate sentence, the court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. While these Guidelines are advisory in nature, and the court ordinarily would have the discretion to impose a sentence either less than or greater than the court-determined advisory Guidelines range, in this instance the parties agree, pursuant to Rule 11(c)(1)(C), that the Court must impose sentence as follows: twenty years (20 years). If the court accepts this plea agreement, it must inform the defendant that sentence will be imposed in accordance with this agreement of the parties. If the court rejects this plea agreement, it must, on the record and in open court, inform the parties that the court rejects the plea agreement, advise the defendant personally that because the court is rejecting the plea agreement the court is not required to impose sentence in accordance with the agreement of the parties, give the defendant an opportunity to withdraw defendant's guilty plea, and further advise the defendant that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated;

   b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

   c. In addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

   d. If the defendant commits a supervised release violation, the Court may revoke supervised release and impose an additional period of imprisonment of up to life without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed a term of life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

   e. Any sentence of imprisonment imposed by the Court will not allow for parole;

f. The defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that defendant will not contest any such forfeiture proceedings

g. The Court must order restitution to be paid to the victims of the offenses to which he is pleading guilty, the conduct in any dismissed counts of the indictment, and all other uncharged related criminal activity. The defendant understands and agrees that entry of a restitution order is mandatory in this case pursuant to 18 U.S.C. Section 1593.

h. The defendant agrees to forfeit all interests defendant owns or over which defendant exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p) which is applicable to this action pursuant to 18 U.S.C. Section 1594(d), including but not limited to the following specific property: an Xbox 360, Serial Number 80121281807, an Xbox 360, Serial Number 045056163207, Compaq Presario computer, Serial Number CNC3500355, a Samsung Hard Drive, Serial Number S013J10X102952, a Compaq Presario computer, Serial Number 2CE61403ZR, and an HP Pavilion computer, Serial Number MXK34612HK. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

i. The defendant agrees to fully and truthfully disclose the existence, nature and location of all assets forfeitable to the United States, either directly or as a substitute asset, in which defendant, any co-defendants and any co-conspirators have or had any direct or indirect financial interest, or exercise or exercised control, directly or indirectly, during the period from January 1, 2006, to and including, the present. The defendant also agrees to fully and completely assist the United States in the recovery and forfeiture of all such forfeitable assets.

j. The defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before defendant's sentencing.

k. The defendant states that defendant is the sole and rightful owner of the above listed property and that to the best of defendant's knowledge no one else has any ownership or other interest in the property. In the event any federal, state or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons

-6-

any interest defendant has in such property and consents to the destruction or any other disposition of the property by the federal, state or local agency without further notice or obligation whatsoever owing to the defendant.

    l.    Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that the United States will use the financial information when making its recommendation to the Court regarding the defendant's acceptance of responsibility.

**8.** **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to Commercial Sex Trafficking by Force, Fraud & Coercion for which it has venue and which arose out of the defendant's conduct described above. Additionally, the United States Attorney for the Western District of Missouri agrees to dismiss Counts One, Thirteen - Eighteen at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney's Office for the Western District of Missouri has no knowledge or could not reasonably have had knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives defendant's right to challenge the

-7-

Case 4:10-cr-00244-BCW   Document 255   Filed 12/20/11   Page 7 of 19

initiation of the dismissed or additional charges if defendant breaches this agreement. The defendant expressly waives the right to assert a statute of limitations defense if the dismissed or additional charges are initiated following defendant's breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against defendant following a breach of this plea agreement, defendant will not be allowed to withdraw defendant's guilty plea.

9. **Conditional Term Involving the Eastern District of Missouri.**

This plea agreement is between the United States as represented by the United States Attorney for the Western District of Missouri and the defendant. However, as a part of this negotiated agreement, the United States as represented by the United States Attorney for the Eastern District of Missouri has agreed to dismiss the related indictment currently charged, that is: Count One: Drug User in Possession of a Firearm, in violation of 18 U.S.C. Section 922(g)(3) (Case No.4:10 CR 614 CEJ (TCM). Further, the United States as represented by the United States Attorney in the Eastern District of Missouri agrees not to pursue additional charges related to the evidence currently in its possession. If the United States does not adhere to this agreement, and the current indictment in the Eastern District of Missouri is not dismissed or additional charges are pursued related to the evidence currently in the government's possession, the defendant reserves his right to withdraw his plea of guilty pursuant to this agreement.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity

of which the United States Attorney's Office for the Eastern District of Missouri has no knowledge or could not reasonably have had knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States, in any district, retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives defendant's right to challenge the initiation of the dismissed or additional charges if defendant breaches this agreement. The defendant expressly waives the right to assert a statute of limitations defense if the dismissed or additional charges are initiated following defendant's breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against defendant following a breach of this plea agreement, defendant will not be allowed to withdraw defendant's guilty plea.

**10.** **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which defendant has pleaded guilty. The defendant understands that he also reserves the right to provide the Court and the United States Probation Office his version of the offense conduct. The United States and the defendant reserve the right to respond to comments made or positions taken by the opposing party and reserve the right to correct any misstatements or inaccuracies. The United States and the defendant further reserves its right to

make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

11. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw defendant's plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal.

12. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the court and are advisory in nature. However, if the court accepts this Rule 11(c)(1)(C) plea agreement, the court is bound to impose the sentence agreed to by the parties, as set forth in paragraph 6 above;

   b. The applicable Guidelines Manual is the one that took effect on November 1, 2005;

   c. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G1.1, which provides for a base offense level of 34;

   d. The parties expressly acknowledge that other enhancements or reductions in the defendant's offense level may be applicable and reserve the right to argue for such enhancements or reductions, as set forth in paragraph 13.

-10-

Case 4:10-cr-00244-BCW   Document 255   Filed 12/20/11   Page 10 of 19

  e. The defendant has admitted guilt and clearly accepted responsibility for defendant's actions. Consequently, defendant is entitled to a two-level reduction pursuant to § 3E1.1(a) of the Sentencing Guidelines;

  f. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

  g. The defendant understands that the estimated Guideline calculations set forth in the subsections of this paragraph do <u>not</u> bind the Court or the United States Probation Office with respect to the Court's determination of the applicable advisory Guidelines;

  h. The defendant and the United States confirm that the agreed sentence set forth in paragraph 6 above is both reasonable and authorized by law;

  i. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

  j. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that defendant will make during the plea colloquy, support the imposition of the agreed-upon sentence and Guidelines calculations contained in this agreement.

**13.**  **<u>Effect of Non-Agreement on Guidelines Applications.</u>** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 12, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**14. Change in Guidelines Prior to Sentencing.** The defendant agrees: (a) to be bound by the agreed sentence set forth in this plea agreement even if an applicable provision of the Guidelines changes to the defendant's benefit after the execution of this plea agreement; and, (b) any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**15. Government & Defendant's Reservation of Rights.** The parties expressly reserve the right in this case to:

    a. oppose or take issue with any position advanced by the other party at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the indictment;

    c. notwithstanding any provisions of the contrary contained in this agreement, oppose any arguments and requests for relief either party might advance on an appeal from the sentences imposed and that the parties remain free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court does not impose the sentence agreed to by parties in this agreement; and

    d. notwithstanding any provisions of the contrary contained in this agreement, oppose the other party's position in any post-conviction motions for reduction of sentence, or other relief.

**16. Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against defendant;

e. the right to compel or subpoena witnesses to appear on defendant's behalf; and

f. the right to remain silent at trial, in which case defendant's silence may not be used against defendant.

The defendant understands that by pleading guilty, defendant waives or gives up those rights and that there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, defendant's answers may later be used against defendant in a prosecution for perjury or making a false statement. The defendant also understands defendant has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**17.** **Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement defendant waives any right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the defendant reserves the right to file a direct appeal from his conviction to obtain appellate review of the denial of his pretrial motion to "Motion to Dismiss Count Two of the Indictment as Unconstitutionally Vague" [Doc. 117]. In the event the defendant prevails on this appeal, and Count Two is dismissed, he will be allowed

-13-

to withdraw his guilty plea, notwithstanding any provisions of the contrary contained in this agreement. If the defendant chooses to withdraw his guilty plea at that time, the Government, in both the Western District of Missouri and the Eastern District of Missouri, can reinstate all charges in the current indictments and both districts can pursue any and all other charges pertaining to evidence in its possession. With respect to all other issues, however, the defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

    **18.**     **Financial Obligations.** By entering into this plea agreement, the defendant understands and agrees to the following financial obligations:

    a.     The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

    b.     The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

    c.     The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

    d.     Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States

-14-

makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

      e.    The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant, which will be used by the USAO to evaluate the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

      f.    The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of defendant's fulfillment of this obligation at the time of sentencing.

      g.    The defendant certifies that defendant has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that defendant will make no such transfers in the future.

      h.    In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**19.** **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive, or to authorize any third party to request or receive, from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**20. Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**21. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw defendant's plea of guilty.

The defendant also understands and agrees that in the event defendant violates this plea agreement, all statements made by defendant to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against defendant in any and all criminal proceedings. The defendant waives any rights that defendant might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant subsequent to this plea agreement.

**22. Defendant's Representations.** The defendant acknowledges entering into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that defendant is satisfied with the assistance of counsel, and that counsel has fully advised defendant of defendant's rights and obligations in connection with

-16-

Case 4:10-cr-00244-BCW   Document 255   Filed 12/20/11   Page 16 of 19

this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, defendant's attorneys or any other party to induce defendant to plead guilty.

**23.** **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**24.** **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors

or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                                                                    Beth Phillips
                                                                    United States Attorney

Dated:   12/20/11                          */s/Paul S. Becker*
                                                                   Paul Becker
                                                                    Chief, Violent Crimes Strike Force Unit
                                                                    Assistant United States Attorney

                                                                    */s/Cynthia L. Cordes*
                                                                    Cynthia L. Cordes
                                                                    Human Trafficking Coordinator
                                                                    Assistant United States Attorney

                                                                    */s/John Cowles*
                                                                    John Cowles
                                                                    Assistant United States Attorney

     I have consulted with my attorneys and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

Dated:   12/20/11                          */s/Bradley Cook*
                                                                    Bradley Cook
                                                                    Defendant

     We are defendant Bradley Cook's attorneys. We have fully explained to defendant the rights defendant has with respect to the offenses charged in the indictment. Further, we have reviewed with defendant the provisions of the Sentencing Guidelines which might apply in this case. We have

carefully reviewed every part of this plea agreement with defendant. To our knowledge, Bradley Cook's decision to enter into this plea agreement is an informed and voluntary one.


Dated:   12/20/11                           /s/Carter Collins Law
                                            Carter Collins Law
                                            Attorney for Defendant



Dated:   12/20/11                           /s/Lance Sandage
                                            Lance Sandage
                                            Attorney for Defendant

Case 4:10-cr-00244-BCW   Document 255   Filed 12/20/11   Page 19 of 19