IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 10-00244-02/05-CR-W-DW |
| | ) | |
| BRADLEY COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BRADLEY COOK'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

COMES NOW petitioner, BRADLEY COOK, by and through counsel, and hereby respectfully files the following objections to the Magistrate Judge's Report and Recommendation. In support of his objections, defendant states as follows:

1. On May 6, 2013, the magistrate judge issued his Report and Recommendation to this Court recommending that defendant's Motion to Dismiss Count II of the Indictment as Unconstitutionally Vague as Applied be denied.

2. The magistrate judge ordered that objections to the report and recommendation be filed on or before May 20, 2013.

3. Pursuant to Local Rule 74.1(a)(2), petitioner objects to the following specific portions of the proposed report and recommendation:

    **a.** **The magistrate judge's finding that the plain language of 18 U.S.C. § 1591(a)(1) gives adequate notice of the conduct prohibited under the statute.** *See* **Report and Recommendation, p. 17 [Doc. 407].**

-1-

Count II of the indictment charged Mr. Cook with a violation of 18 U.S.C. §§ 1591, 1594, and 2. The indictment tracks the language of the statute at the time of the offense, alleging that defendant and others:

> [K]nowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, and obtained by any means [complainant] ... and benefitted financially and by receiving something of value from participation in a venture engaged in recruiting, enticing, harboring, transporting, providing, and obtaining [complainant], knowing that force fraud, and coercion would be used to cause [complainant] to engage in a commercial sex act.

While § 1591(a) only requires a showing that the defendant "recruited, enticed, harbored, transported, provided, or obtained" a person *or* that the defendant "benefits, financially or by receiving anything of value, from participation in a venture [involving the recruiting, enticing, harboring, transporting, providing, or obtaining of a person]," the indictment purports that Mr. Cook's activities fell under both prongs of the statute. However, the facts alleged in the indictment show that Mr. Cook was a customer of Mr. Bagley's venture. As applied to Mr. Cook, therefore, § 1591 is inadequate to give notice that consumer behavior is prohibited under this particular statute.

**b.     The magistrate judge's finding that the word "obtain" in § 1591(a)(1) should be read to prohibit the "buying" of a person knowing that force, fraud or coercion will be used to cause that person to engage in a commercial sex act.** *See* **Report and Recommendation, p. 19 [Doc. 407].**

While it is clear, as the magistrate's report states, that the Trafficking Victims Protective Act (TVPA) is meant to address all aspects of sex trafficking, the TVPA

consists of more than just § 1591, the statute now at issue. While other areas of the TVPA address the demand side of trafficking, the plain language of § 1591, specifically the word "obtain," cannot be read to include purchasers of commercial sex acts. The magistrate's report suggests that "obtain" is defined as "to gain or attain usually by planned action or effort." While a purchaser of commercial sex may "obtain" a sexual encounter, they do not "obtain" the person themselves. There is no question under the facts alleged in the indictment that Defendant Bagley retained exclusive control over the complainant. *Cf. United States v. Todd*, 627 F.3d 329 (9th Cir. 2009) ("[t]he statute focuses on those (usually men) who make money out of selling the sexual services of human beings (usually women) they control and treat as their profit-producing property"). Had Congress intended to include purchasers of commercial sex it could have done so with clear, unambiguous language.

**c. The magistrate judge's finding that the requirement that the offender "knew" that force, fraud, or coercion would be used is sufficient to exclude those who purchase commercial sex in the more typical prostitute/patron scenarios.** *See* **Report and Recommendation, p. 20 [Doc. 407].**

While this *mens rea* requirement may be sufficient to exclude some types of behavior, its existence cannot save the statute from ambiguity as applied to purchasers of commercial sex. Knowledge of force, fraud or coercion is a separate element, and it must be first shown that the defendant "obtained" the person. As argued above, the purchaser of a commercial sex act does not obtain the person. Without an initial showing that the

-3-

defendant obtained the person in question, his knowledge as to the surrounding circumstances of any subsequent commercial sex acts is insufficient to show culpability under the statute as written and applied in such cases. The magistrate's report states that a person of ordinary intelligence would reasonably understand that purchasing commercial sex from a person forced, defrauded, or coerced into the act would result in criminal liability. However, the question of whether a statute is void for vagueness is not whether the defendant would generally know that his conduct was prohibited, but rather whether that conduct reasonably falls under the specific statute with which the defendant was ultimately charged. *See Papchristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972) (a criminal statute is void for vagueness if "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by *the statute*.") (quoting *United States v. Harris*, 347 U.S. 612, 617 (1954)) (emphasis added).

**d.      The magistrate judge's finding that § 1591(a)(1) is sufficiently narrow to avoid arbitrary enforcement of the statute. *See* Report and Recommendation, p. 20 [Doc. 407].**

While the TVPA was originally promulgated in 2000, the United States Attorney's Office in the Western District of Missouri did not begin using § 1591 to bring charges against those defendants who purchased, or attempted to purchase, sex with trafficking victims until 2009. *See United States v. Albers*, 4:09-CR-00078-FJG; *United States v. Childers*, No. 4:09-CR-0079-HFS; *United States v. Cockrell*, No. 4:09-CR-00080-DW; *United States v. Oflyng*, No. 4:09-CR-00084-SOW; *United States v. Doerr*, 4:09-CR-

-4-

0031-FJG; *United States v. Johnson*, 4:09-CR-00034-DW; *United States v. Mikoloyck*, 4:09-CR-00036-GAF. Several other districts have since followed suit. However, the fact that it took nine years for § 1591 to be interpreted and enforced in this manner demonstrates the vagueness of the language as well as the potential for arbitrary enforcement. While individual members of Congress have lauded these types of prosecutorial efforts, they have also expressed the need for a "clear statement by Congress" to "enable federal prosecutors to continue to indict *the buyers* of commercial sex." *See Domestic Minor Sex Trafficking: the Prostitution of America's Children: Hearing Before the H. Comm. On Crime, Terrorism, and Homeland Security*, 111th Cong. 122-23 (2010) (statement of Rep. Smith, founder and president of Shared Hope International) (emphasis added). Congress has yet to take steps to provide this "clear statement," and instead the vague language of § 1591 continues to be used by some districts to arbitrarily apply that statute, and its severe penalties, to purchasers of commercial sex from trafficking victims. *Cf. Grayned v. City of Rockford*, 408 U.S. 104, 107-08 (1972) ("A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.").

    **e.** **The magistrate judge's finding that the plain language of 18 U.S.C. § 1591(a)(2) gives adequate notice of the conduct prohibited under the statute.** *See* **Report and Recommendation, pp. 21-22 [Doc. 407].**

-5-

Case 4:10-cr-00244-BCW   Document 412   Filed 05/20/13   Page 5 of 10

Mr. Cook disputes that the indictment is sufficient for his actions to fall under the second prong of § 1591(a), because he did not benefit financially or receive anything of value from his participation in Mr. Bagley's venture. If the actions he is alleged to have taken are sufficient, then the statute is unconstitutionally vague as applied. As argued above, Mr. Cook did not participate in Mr. Bagley's venture, because he did not recruit, entice, harbor, transport, provide, obtain, or maintain the complainant. Rather, Mr. Cook was a customer of the venture, not a participant in its formation. Therefore, for the same reasons as argued above, the statute is unconstitutional as applied because it does not give adequate notice that a customer of a trafficking venture can be indicted and charged as a trafficker, himself.

**f.  The magistrate judge's finding that § 1591(a)(2) is sufficiently narrow to avoid arbitrary enforcement of the statute.  *See* Report and Recommendation, pp. 21-22 [Doc. 407].**

The magistrate's report notes that "anything of value" is not defined in the statute, but that other courts have found, in the context of child pornography distribution cases, that it may include faster downloading of files, an expectation of a sexual encounter, and the receipt of child pornography images. The magistrate concludes that Mr. Cook's alleged sexual encounters, including allegations of torture sessions with the complainant, as well as pornographic images and videos of her that he allegedly received from Mr. Bagley were sufficient to be considered things of value for purposes of the statute. Ultimately, the magistrate's report conflates the product of the venture, i.e. the sexual

encounter or sexual performance, with the benefit of the venture. That Mr. Cook is alleged to have given Mr. Bagley pornographic images and videos in exchange for these sexual encounters only emphasizes the nature of the buyer/seller relationship. Applying "anything of value" to include the commercial sex act itself inherently has the potential to lead to arbitrary enforcement of the statute because it includes those who "participated" in the venture by purchasing the venture's "product."

**g. The magistrate judge's finding that defendant's charge of aiding and abetting defendant Bagley under 18 U.S.C. § 1594 and 2 is sufficient by itself to put defendant on notice as to his criminal liability under § 1591 because the actions of defendant Bagley are imputed to Defendant Cook. *See* Report and Recommendation, pp. 23-25 [Doc. 407].**

For the reasons argued above, the actions of the trafficker should not be imputed to the purchaser on the basis of commercial sex act itself, when no additional "association" with the venture is involved. The allegations support a finding that Mr. Cook may have associated himself with Mr. Bagley's unlawful venture for purposes of purchasing the services of the venture. However, there is no allegation supporting a finding that Mr. Cook had a stake in the venture's success, or even any financial reason to wish that it would. *See United States v. Ruiz-Zarate*, 678 F.3d 683, 690-91 (8th Cir. 2012) (defining elements of aiding and abetting).

The magistrate's report notes that Mr. Bagley and Mr. Cook "shared ideas and videos" about torture. While there are allegations to this effect, there is no indication that

-7-

these conversation were in furtherance of the Mr. Bagley's commercial sex venture, or that this information was new or useful to Mr. Bagley, who the allegations show was already independently well-versed in these "torture" techniques.  Moreover, the information alleged to be provided was not exclusive or proprietary to Mr. Cook so as to form the basis for a stake in the venture in return for his having shared them with Bagley.  Instead, there is no allegation from which it can be shown that the information shared was not widely available online to anyone interested in searching for it.  Conversation regarding widely available information of a common interest is insufficient to attain a stake in, or contribute to the success of, a trafficking venture pursuant to § 1591.

Finally, alleging that Mr. Cook was a customer of Mr. Bagley's venture is insufficient to support the elements of aiding and abetting.  Without such a showing, Mr. Bagley's actions cannot be imputed onto Mr. Cook for purposes of criminal liability.  They certainly cannot be imputed onto Mr. Cook in order to save the statute's unconstitutional vagueness as applied to Mr. Cook, for purposes of defeating Mr. Cook's Motion to Dismiss.

Additionally, the magistrate's report indicates that, while the magistrate court refers to the "allegations" in the indictment, in fact, those allegations are actually facts because Mr. Cook has pled guilty.  While Mr. Cook has pled guilty, his plea is conditional, and will be withdrawn if 18 U.S.C. § 1591 is found to be unconstitutionally vague as applied.  Moreover, if the facts in the guilty pleas are to be considered true, it

should be noted that neither Mr. Bagley, nor any other defendant charged, ultimately pleaded to a violation of § 1591.

4. The magistrate judge's Report and Recommendation misapprehends the facts and misapplies the law.

WHEREFORE, for all the foregoing reasons, the Court should not adopt the magistrate judge's report and recommendation and should, instead, grant Defendant's Motion to Dismiss Count II of the Indictment as Unconstitutionally Vague as Applied and grant whatever other relief it deems just.

Respectfully submitted,

LAW & SCHRIENER, LLC

*/s/ Carter Collins Law*
CARTER COLLINS LAW
MO Bar No. 37890
Attorney for Defendant Bradley Cook
141 North Meramec Avenue
Clayton, Missouri 63105
(314) 721-7095 – telephone
(314) 863-7096 – facsimile
ccledmo@shrienerlaw.com – email

The Sandage Law Firm, P.C.
Local Counsel for defendant Bradley Cook
MO Bar No. 46022
4700 Belleview Avenue, Suite 404
Kansas City, MO 64112
816-753-0800 phone 816-531-3939 fax
lance@sandagelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Objections to Magistrate's Report and Recommendation electronically with the Clerk of the United States District Court for the

Western District of Missouri to be served by operation of the Court's electronic filing system upon Assistant United States Attorney Cynthia Cordes this 20th day of May, 2013.

*/s/ Carter Collins Law*
CARTER COLLINS LAW